OPINION OF THE COURT — by the
How. EDWARD TURNER.
This case presents but a single point for the consideration of the court. The plaintiff claims a distributive share of a deceased brother’s estate and has sued for it. He is a half brother of the defendant, and claims as an heir at law of Reding Fatheree, their brother, who died intestate, leaving, neither wife or descendants. The question arises under our statute of distributions, the language of which is this: “ there shall be no representation among collaterals, except with the descendants of the brothers and sisters of the intestate; and there shall in no case be a distinction, between the kindred of the whole and half blood, except the *312 kindred of the whole blood in equal degree shall be preferred to the kindred of the half blood in the same degreeRev. Code, p. 41, sec. 50.
By the common law, the kindred of the half blood could not inherit real property. Our law has established a different rule. We are of opinion, that among collaterals, such as brothers and sisters, those of the whole blood shall be preferred to those of the half blood — but if there shall be no collaterals of the whole blood, but of the half blood, then the half blood collaterals shall inherit, and the rule is the same both as to real and personal estate — -judgment ibr the defendant.
The other judges concur.