Hulme *v.* Montgomery et al.

———————

GEORGE J. HULME, Guardian, &c., v. WALLACE W. MONTGOMERY et al.

1. DISTRIBUTION: NEXT OF KIN: WHOLE AND HALF BLOOD.—An intestate's property will be distributed to the brothers and sisters of the whole blood, to the exclusion of, and in preference to, the brothers and sisters of the half blood. See *Fatheree* v. *Fatheree*, Walk. R. 311.

2. JUDICIAL DECISIONS: STARE DECISIS.—The construction of a statute which has been recognized and acted on for a long time, will not be departed from, unless the court be well satisfied, not only that the construction is erroneous, but that the rule established by it is a bad one.

APPEAL from the Probate Court of Madison county. Hon. Isaiah M. Simmons, judge.

*A. P. Hill*, for appellant.

*H. A. H. Lawson*, for appellee,

Cited *Hitchcock* v. *Smith,* 3 Stew. & Porter, R. 29 ; North on Probate Courts, 210, 212.

SMITH, C. J., delivered the opinion of the court.

This was a proceeding in the Court of Probate of Madison county, for the distribution of an intestate's estate. The material facts of the case are as follow: William H. Denson died intestate and childless, leaving Mrs. Mary E. Montgomery and Matilda E. Denson, sisters of the whole blood; and Margaret and Lucilla Hulme, sisters of the half blood.

Margaret and Lucilla Hulme claimed to be heirs at law of the intestate, and as such, entitled, equally, with the sisters of the whole blood, to distribution of his estate. These parties were minors, and by their guardian filed their petition, praying distribution accordingly.

Upon this state of facts, the court ordered the estate to be distributed amongst the sisters of the whole blood, to the exclusion of the petitioners ; who thereupon appealed.

The question, whether, under the Statute of Descents and Distribution, a brother or sister of the whole blood is preferred to a brother or sister of the half blood, is the only one arising in the case.

The construction of this statute, in regard to the kindred of the whole and half blood, was settled by the Supreme Court of this State, as early as 1828.

In the case of *Fatheree* v. *Fatheree,* Walk. R. 311, it was held that, among collaterals, including brothers and sisters, the kindred of the whole blood would be preferred to those of the half blood, in equal degree. This is the precise question presented by the case before us.

The exposition there given of the statute, we are satisfied, was the true one. Indeed, its language is so plain and unambiguous, that it scarcely admits of construction at all : but were we even doubtful of the propriety of the interpretation which was there put upon the act, we would not now feel authorized to dissent from it. It has been recognized and acted upon by the courts for more than a quarter of a century. Under such circumstances we ought to be well convinced, not only that the construction was erroneous,

but that the rule is a bad one, before we would be justified in reversing the decision.

Decree affirmed.