SAMUEL SCOTT and WIFE *v.* JESSE TERRY et al.

DESCENT AND DISTRIBUTION: WHOLE AND HALF BLOOD.—Where all the brothers and sisters of the whole blood of a party dying intestate are dead, leaving children, such children are, under the Statutes of Descent and Distribution of

Scott and wife *v.* Terry et al.

this State, entitled to the inheritance by right of representation of their parents, to the exclusion of a surviving brother or sister of the intestate, of the half blood.

APPEAL from the Court of Probate of Jefferson county.    Hon. J. M. Ellis, judge.

Jeremiah Terry died intestate in January, 1857.   He left surviving him Ann Scott, a sister of the half blood, and several nephews and nieces (among whom were Jesse Terry and Evan S. Jeffries), being the children of his deceased brothers and sisters of the whole blood; but he left no brother or sister of the whole blood surviving him.

On this state of facts, Mrs. Scott and her husband claimed that she was heir to said intestate, and entitled to administration on his estate ; and Jesse Terry and Evan S. Jeffries denied Mrs. Scott's rights as heir, and they claimed letters of administration as next of kin ; and of this opinion was the court below, and accordingly granted letters of administration to Jeffries and Terry.   From this order Mrs. Scott and her husband appealed.

*H. T. Ellett,* for appellants,

Cited Hutch. Dig. 655, § 54; Ib. 624, § 52; Reeve on Descents, 1 and 11 of Preface; North on Probate Courts, 206; *Davis* v. *Rowe,* 6 Randolph R. 360 ; *Cable* v. *Martin,* 1 How. 566; *Thompson* v. *Thomas,* 30 Miss. R. 158; Toller on Exors. 370, 374 ; 2 Wms. on Exors. 1271–1285, 1297–99 ; Lovelass on Wills, 145 (23 Law Lib. 78, 79); 4 Burns' Eccl. Law, 365–412; Robertson on Personal Succession, 323 (10 Law Lib. 178); 2 Black. Com. 515–520 ; 6 Georgia R. 42; *Walsh* v. *Walsh,* Prec. Chy. 54; *Lloyd* v. *Tench,* 2 Ves. Sr. 213; *Durant* v. *Prestwood,* 1 Atk. 454; *Blackborough* v. *Davis,* 1 Salkeld, 251; *Woodruff* v. *Winkworth,* Prec. Chy. 527–593; *Bowers* v. *Littlewood,* 1 Peere Wms. 594–5; *Janson* v. *Bury,* Bunbury R. 157; *Stanley* v. *Stanley,* 1 Atk. 455; Reeve on Descents, 375–405–8–12–19; Ib. 364–5–152–3–398 ; 4 Kent, 390–1–2, 400; 5 Blackford R. 412–14.

*E. H. Hicks,* on same side,

Cited *Oldham* v. *Caruthers,* 6 Georgia R. 39 ; 4 Kent (8th ed.),

412; Reeve on Descents, 21–25, 404–406; *Thompson* v. *Thomas,* 30 Miss. R. 152; *Harris* v. *McLaran,* Ib. 533; *Richards* v. *Mills,* 31 Ib. 450.

*J. Winchester,* for appellees,
Cited *Lawson* v. *Perdiaux,* 1 McCord's Chy. R. 456; *Wren and wife* v. *Carnes et al.,* 4 Eq. R. 405; 2 Domat, §§ 2804–2857–2859; 5 Yerg. 369; 6 John. R. 322; 3 Stew. & Port. 29.

*W. S. Wilson,* on same side,
Cited Hutch. Dig. 623; *Hulme* v. *Montgomery,* 31 Miss. 105; *Fatheree* v. *Fatheree,* Walk. R. 311; 2 Black. Com. 217–225; Turner's Digest (Laws of Miss. Territory), 430; *Hitchcock* v. *Smith,* 3 Stew. & Port. 29; North on Probates, 211–12; 4 Kent. Com. (8th ed.) 396, 412; Toller on Exors. 371–375–384; Reeve on Descents, 2, 3, 12, 15, 19, 25, 28, 39, 52; *Stanley* v. *Stanley,* 1 Atk. 457; *Lloyd* v. *Tench,* 2 Ves. Sr. 213; Cooper's Justinian, 394– 400; 2 Domat, 182, §§ 2804, 2928–30; *Lewis* v. *Claiborne,* 5 Yerg. 375; *Jackson* v. *Thompson,* 6 Johns. 322.

HANDY, J., delivered the opinion of the court.

The question presented in this case is this: When the brothers and sisters of the whole blood of a party dying intestate are all dead, leaving children, are such children entitled to the inheritance under the statutes of descent and distributions of this State, by right of representation of their parents, to the exclusion of a sister of the half blood of the intestate who survives her brothers and sisters of the whole blood?

It is admitted, by the counsel for the appellants, that if one of the brothers or sisters of the whole blood were living, the others of the whole blood being dead and leaving children, in such case the children of the deceased would be entitled by right of representation of their parents, because the surviving brother or sister would draw up to them the children of the deceased; but it is denied that the children of the deceased are entitled when all the brothers and sisters of the whole blood of the intestate are dead; and it is insisted that in such case the children are postponed to the sister of the half blood.

There is no doubt but that this position is well established by the decisions in England, giving construction to the language of the English Statute of Distributions. And it is insisted that the same rule which prevails in England, under their statute, is applicable to our statute (Hutch. Code, 623, § 50). But we consider our statute to be so materially different from the statute 22 and 23 Car. II, ch. 10, as not to come within the rules held under that statute, with reference to the question here presented.

The right of representation in behalf of the children of brothers and sisters of the intestate who are all dead, has been held not to be maintainable, upon the phraseology of the 5th section of the English statute, which, after allowing *one-third of the surplus of the estate to the widow of the intestate,* provides that all the residue shall be distributed " by equal portions to and amongst *the children* of such persons dying intestate, *and such persons as legally represent* such children, in case *any of the said children* be then dead," &c. This language has been held to give the right of representation in favor of the children of a deceased child of the intestate only when there was a child or children of the intestate living at the time of the distribution, who would draw up the right of the grandchildren to the position of their parent; because the language is, "to and amongst the children of the intestate, *and* such persons as legally represent such children as are then dead." And the same rule is applied to the provision of the 6th section, for distribution "to the next of kindred of the intestate who are in equal degree, *and* those who *legally represent them;*" and to the 7th section.

The phraseology of our statute is quite different from this. It provides that when any person shall die seised of an estate, &c., and intestate, " the same shall descend to his and her *children* and *their descendants,* in equal parts." This fundamental provision clearly vests the estate, by descent, in the children of the intestate, if living at the time of his death, or in their children if they be then dead, and whether some of the children be then living or not. It then proceeds to provide how these equal parts shall be taken : "The descendants of the deceased child or grandchild to take the share of the deceased parent in equal parts among them." In all this, there is nothing indicating that it was contemplated that one

of the intestate's children should be living in order to entitle the children of a deceased child to the share of their parent; but the sense clearly is, that the descendants of all deceased children of the intestate shall represent the share of their deceased parents. The same idea is shown in the succeeding provision respecting brothers and sisters: " And when there shall be no children of the intestate, nor descendants of such children, then to the brothers and sisters of the intestate, *and their descendants*, in equal parts." Here likewise the estate is immediately vested in the *descendants* of deceased brothers and sisters of the intestate without restriction, and the mode is also fixed: " The descendants of a brother or sister" (that is, of each brother and sister) " of the intestate to have in equal parts among them their deceased parents' share."

Thus the principle of equality of distribution, first among all the intestate's children and their descendants, and next, in their absence, among all his brothers and sisters and their descendants, with the right of representation in each case, is fully established.

The essential and fundamental difference between this statute and that of Charles II is, that under our statute, upon the death of the intestate, his estate immediately vested in his children, if then living, or, if dead, *in their descendants;* and proceeding upon this idea,—of an estate vested in the descendants of the intestate,—the rule by which their rights are to be governed is declared to be, that such descendants shall *represent* and be entitled to their respective parents' share.

This view of the statute appears to be very clear from the next succeeding provision: " And when there shall be no children, or *descendants of them* or any of them, then to the father, if he be living, if not, to the mother, of the intestate."   Thus the same idea is continued of the rights of the descendants of the children, as a class upon which the inheritance is cast; and it is abundantly manifest, that though all the children were dead, yet if they left legal descendants, such descendants would take the estate, and not the father or mother.   And so in relation to the next provision: " And if there be no children of the intestate, *nor descendants of them*, nor father or mother, then such estate shall descend in equal parts to the next of kin to the intestate, in equal degree, computing by the rules of the civil law."   There cannot be a doubt, if all

the children were dead leaving descendants, but that the estate would not descend to the next of kin according to this provision, and that it would vest in such descendants.

After declaring the rule of representation as to the descendants of children, giving them the share to which each of their parents, the original *stirps*, would have been entitled, if living ; and extending the right of inheritance to the brothers and sisters of the intestate, and the right of representation in like manner to their descendants, the statute proceeds to deny representation among collaterals, expressly allowing it, however, to the descendants of brothers and sisters of the intestate : " And there shall be no representation among collaterals, except with *the descendants of brothers and sisters* of the intestate." This right is given to *the descendants* generally, and without restriction, and it is confirmatory of the general spirit of the statute, manifested in its previous parts, that all the descendants of children and of brothers and sisters of the intestate were to take their portions of the estate by right of representation.

We do not entertain any doubt that this is the true construction of the statute, whether judged of by its language or its spirit, and especially if considered with reference to its difference from the terms of the English statute of distributions. And the same construction has been given by the Supreme Court of Alabama to a statute of that State, which is in the same words as our statute. *Hitchcock* v. *Smith*, 3 Stew. & Port. 29.

By a subsequent clause of the statute, the kindred of the whole blood in equal degrees are preferred to the kindred of the half blood in the same degree. If this provision has application to persons standing in the relation of the brothers and sisters of the whole blood, and the sister of the half blood, of the intestate, as is contended by the counsel for the appellant, it follows from the view we have taken of the statute, that the children of the brothers and sisters of the whole blood occupy the same position as their parents, by right of representation ; and hence that they are entitled to the estate to the exclusion of the sister of the half blood. And such being the rule held by the court below, the judgment is affirmed.