DAVIDSON *v.* BROWNLEE, ET AL.

[75 South. 140, Division B.]

DESCENT AND DISTRIBUTION. *Preference of whole blood. Statute.*

Under Code 1906, section 1649, providing that the descendants of the sister or brother of the intestate inherit in equal parts among them their deceased parents, share and section 1650 providing that there shall be no distinction between the kindred of the whole and half blood, except that the kindred of the whole blood, in equal degree shall be preferred to the kindred of the half blood in the same degree and section 1653, providing that personalty shall descend as realty and section 1655, providing that all illegitimates shall inherit from their mother, and from her other chidren, and from her kindred, according to the statutes of descent and distribution; the illegitimate son of a sister of the whole blood with intestate took the intestate's personalty to the exclusion of the children of a sister of the half blood with the intestate where both sisters predeceased the intestate and she died without children or descendants of children.

APPEAL from the chancery court of Clay county.
HON. T. L. LAMB, Chancellor.

Suit by Will Brownlee and others against William Davidson and J. E. Caradine, as administrator of Amanda Powell, deceased. From a decree for complainant, defendent Davidson appeals.

The facts are fully stated in the opinion of the court.

*J. E. Caradine,* for appellant.

Law of decent and distribution. First, decent of land. There being no descendants nor brothers or sisters living, land descends to the descendants of a deceased brother or sister, such descendant, in each instance, to have their deceased parent's share. Code 1906, section 1649. Second, personal estate to descend as real estate. Code 1906, section 1653. Third, half bloods to inherit the same as whole bloods. "Except that the kindred of the whole blood, in equal degree shall be preferred to kindred· of the half blood in the same degree." Code 1906, section 1650.

"The construction of this statute in regard to kindred of the whole blood was settled by the supreme court of this state as early as 1828, in *Fatheree* v. *Fatheree,* Walk.· R. 311. It was held that among collaterals, including brothers and sisters, the kindred of the whole blood would be preferred to those' of the· half blood in equal degree." That is, if there be none of the nearest of kin of the whole blood, the nearest of kin of the half blood would inherit the estate. Otherwise, the half bloods get nothing. *Fatheree* v. *Fatheree,* Walker R. 311; *Hume* v. *Montgomery,* 31 Miss. 106.

"It follows from the view we have taken of the statute that the children of the brothers and sisters of the whole blood occupy the same position as their parents, by right of representation, and hence that they are entitled to the estate, to the exclusion of the sister of the half blood." *Scott* v. *Terry,* 37 Miss. 67-70; Code 1906, section 1649. (a) Julia Robinson, the whole sister, if living, would take the entire estate to the exclusion of Ruth Brownlee, the half sister, if living. (b) William Davidson, the only child of Julia Robinson, the sister of the whole blood, is entitled to the entire estate of Amanda Powell to the· exclusion of the children of Ruth Brownlee, the sister of the half blood, the appellee herein, if illegitimates inherit, be--

cause the descendants only take the share which their parents would have taken, and Ruth Brownlee, the sister of the half blood, would have taken nothing. Code 1906, sections 1649 and 1650; *Scott* v. *Terry*, 37 Miss. 68.

Illegimates. William Davidson, the appellant, entitled to the whole estate. "All illegitimates shall inherit from their mother and from her other children and from her kindred, according to the statutes of descent and distribution." Code 1906, section 1655.

Both the spirit and letter of this statute, give the entire estate to William Davidson, the illegitimate son of Julia Robinson. (a) If Julia Robinson had lived, she being the only sister of Amanda Powell of the whole blood she would have inherited the entire estate. At the death of said Julia Robinson, William Davidson, her illegitimate son, would have inherited it from her, being her only heir, so according to the real spirit of this statute, the estate would go to him. (b) And by the express provisions of this section, William Davidson, Julia Robinson's illegitimate son, inherited from "her kindred" "according to the statute of descent and distribution." 1. Amanda Powell was "the kindred" of Julia Robinson, William Davidson's mother. 2. And, "according to the statute of descent and distribution." Julia Robinson the sister of the whole blood, having died before Amanda Powell, William Davidson, the only descendent of the only brother or Powell's estate which his mother would have taken, if living, would have inherited the whole estate. Code 1906, sections 1649, 1650-1653, 1655.

So, under the statements of the bill itself, this case should be reversed and a decree entered in this court, either dismissing the bill or declaring the appellant, William Davidson, to be the sole heir of Amanda Powell, deceased.

STEVENS, J., delivered the opinion of the court.

Appellees filed their bill in this case against the appellant, William Davidson, and against J. E. Carradine, as administrator of the estate of Amanda Powell, deceased, seeking adjudication of the question whether appellees or appellant, William Davidson, inherited the property of the said Amanda Powell, whose estate was in process of administration. The bill sets out, and incorporates as a part thereof, all papers in reference to the appointment of Carradine as administrator of the estate of Amanda Powell, deceased, Carradine, as administrator, entered into a written agreement with complainants by which it was stipulated that appellees, the Brownlees, were the lawful heirs. Appellant, as defendant, filed no answer and entered no appearance whatever, and a decree *pro confesso* was taken against him. The final decree was entered upon the bill, agreement, and decree *pro confesso* as against the appellant, Davidson.

The bill and final decree complained of show the following facts: That Amanda Powell died January 12, 1912, leaving no children and no descendents of children; that the deceased had two sisters, one Julia Robinson, a sister of the whole blood, and one Ruth Brownlee, a sister of the half blood; that both sisters predeceased Amanda Powell; that Julia Robinson, a sister of the whole blood, left as her sole heir at law William Davidson, the defendant in the court below and appellant here; that Ruth Brownlee, sister of the half blood, left six children, who are the appellees; that, while appellant is the sole heir of Julia Robinson, he is an illegitimate. The question, then, is presented upon the face of the record whether William Davidson inherits the property of Amanda Powell to the exclusion of the descendants of the half sister.

By section 1649, Code of 1906, "the descendants of the sister or brother of the intestate" inherits "in equal

114 Miss.—26.

parts among them their deceased parent's share." Section 1650, Code of 1906, is as follows:

"Half Bloods.—There shall not be, in any case, a distinction between the kindred of the whole and half blood, except that the kindred of the whole blood, in equal degree, shall be preferred to the kindred of the half blood in the same degree."

It is further provided by section 1655 that:

"All illegitimates shall inherit from their mother, and from her other children, and from her kindred, according to the statutes of descent and distribution."

By section 1653, personal estate descends as realty.

Our present law as to half bloods has been a part of our statutory law of descent and distribution since the early history of the state. The same provisions appear in Hutchinson's Code, p. 623, section 50. Early decisions of this court put the construction of this statute at rest.

"The construction of this statute in regard to kindred of the whole blood was settled by the supreme court of this state as early as 1828, in *Fatheree* v. *Fatheree*, Walk. 311. It was held that among collaterals, including brothers and sisters, the kindred of the whole blood would be preferred to those of the half-blood in equal degree."

In *Scott* v. *Terry*, 37 Miss. 65. our court, by HANDY, J., called attention to the difference between our statute and the English statute of distribution and expressly held:

"That the children of the brothers and sisters of the whole blood occupy the same position as their parents, by right of representation, and hence that they are entitled to the estate, to the exclusion of the sister of the half blood."

The only difference between the last-mentioned case and the present case is that the sister of the half blood in the Scott-Terry Case was living at the time of the contest. In the present case, both sisters, the one of the whole blood and the one of the half blood, are deceased, and the contest arises between their repre-

.sentatives. There can be no possible distinction drawn between the Scott-Terry Case and the case at bar.

Our statute conferring upon illegitimates the right and power of inheritance is an innovation upon, and more indulgent than, the rules of the common law; and by section 1655 illegitimates inherit, not only from their mother, but from their mother's kindred. The liberality of our law toward illegitimates was the subject of comment by the court in *Shelton* v. *Minnis,* 107 Miss. 133, 65 So. 114. If Julia Robinson had been living at the time of the death of her sister Amanda, she unquestionably would have been the sole heir. It follows that her son, as her representative, succeeds to the entire estate of Amanda Powell, deceased. A different conclusion was reached by the court below, and accordingly the decree will be reversed, and the cause remanded.

*Reversed and remanded.*