Half-blood sister's asserted right to inherit from an intestate and share in the estate along with the deceased's full-blood nieces and nephews is highlighted by this cause appealed from the Chancery Court of Tippah County, the Honorable Anthony T. Farese chancellor. Upon a petition to determine heirship, the lower court ruled that the nieces and nephews (children of the deceased's whole-blood brothers) succeeded to the entire estate of the deceased intestate to the exclusion of appellant, Virginia S. Jones, surviving half-blood sister of the intestate.[1]
The issue is: Who shall inherit the estate of William Tandy Stubbs who died intestate April 16, 1981. Stubbs was unmarried and left no spouse, children or descendants of children, or mother or father. His whole-blood brothers predeceased him, but they were survived by children who thus are the nieces and nephews of intestate Stubbs. Stubbs was survived by a sister of the half-blood, Virginia S. Jones, who is the appellant here. Stipulations made leave no factual dispute.
Pertinent are Mississippi Code Annotated §§ 99-1-3 and 91-1-5
(1972), which are:
 § 91-1-3. Descent of land.
 When any person shall die seized of any estate of inheritance in lands, tenements, and hereditaments not devised, the same shall descend to his or her children, and their descendants, in equal parts, the descendants of the deceased child or grandchild to take the share of the deceased parent in equal parts among them. When there shall not be a child or children of the intestate nor descendants of such children, then to the brothers and sisters and father and mother of the intestate and the descendants of such brothers and sisters in equal parts, the descendants of a sister or brother of the intestate to have in equal parts among them their deceased parent's share. If there shall not be a child or children of the intestate, or descendants of such children, or brothers or sisters, or descendants of them, or father or mother, then such estate shall descend, in equal parts, to the grandparents and uncles and aunts, if any there be; otherwise, such estate shall descend in equal parts to the next of kin of the intestate in equal degree, computing by the rules of the civil law. There shall not be any representation among collaterals, except among the descendants of the brothers and sisters of the intestate.
 § 91-1-5. Half-bloods.
 There shall not be, in any case, a distinction between the kindred of the whole and half-blood, except that the kindred of the whole-blood, in equal degree, shall be preferred to the kindred of the half-blood in the same degree.
The litigants agree that the two quoted statutes are applicable and they agree that Scott v. Terry, 37 Miss. 65 (1859), is factually similar. Appellant Jones argues that Scott v. Terry
was erroneously decided and should be overruled as "contrary to the overwhelming trend of modern authority with regard to half bloods and inheritance rights." *Page 1364 
With a single change which is not applicable in the present situation, §§ 91-1-3 and 91-1-5, supra, have been the controlling law in Mississippi concerning intestate succession and half-bloods since 1848. In Scott v. Terry, supra, this Court construed these two statutes together in an identical fact situation and reasoned that, because the children of the intestate's brothers and sisters took by representation (in the place or shoes of the whole brothers and sisters), they were entitled to all of the rights and privileges as though they stepped into their deceased's parents' shoes. Scott v. Terry,supra, states:
 [T]he children of the brothers and sisters of the whole blood occupy the same position as their parents, by right of representation; and hence that they are entitled to the estate to the exclusion of the sister of the half blood. (Emphasis supplied).
37 Miss. at 70.
Inasmuch as the parent of such a niece or nephew, the intestate's brothers and sisters, would take to the exclusion of a half-blood per § 91-1-5, Scott v. Terry reasoned that their children did also. This reasoning was subsequently approved inDavidson v. Brownlee, 114 Miss. 398, 75 So. 140 (1917), on a slightly different factual situation. Davidson involved the children of a half-blood sibling and the children of a whole-blood sibling of the intestate. Reasoning that the Scottv. Terry, supra, case had held that the whole-blood nephews and nieces were of the same degree as a half-blood sister, Davidsonv. Brownlee held that the half-blood siblings' children were likewise excluded by children of the whole blood of equal degree.See also Fatheree v. Fatheree, 1 Miss. 311 (1828); Hulme v.Montgomery, 31 Miss. 105 (1856). This analysis is consistent with the consistently applied rule of this Court that both §91-1-3 and § 91-1-5 are to be construed in pari materia. Taylorv. Jackson, 194 Miss. 441, 12 So.2d 144 (1943).
With the adoption of the forerunner of §§ 91-1-3 and 91-1-5,supra, the legislature of this state saw fit to adopt its own scheme of intestate succession. The statute in essence provides for three distinct "classes" or "degrees" which are to be used in the determination of who is entitled to intestate shares in an estate. The first class or degree consists of the intestate's children and their descendants. Existence of one or more persons of this class or degree will result in that person taking to the exclusion of all others of lower degree. The second classification or degree is defined as the "parents, and brothers and sisters of the deceased." This class is modified specifically by indicating that the children of such brothers and sisters will take their parent's share by representation. Wording of the statute indicates that since such children take by representation, the share that they receive is the parent's share and not a share of their own.
The third class consists of the grandparents, aunts and uncles of the deceased. The statute specifies that there is to be no taking by representation in this class. After exhausting all three classes, if no person can be found in any of those classes, the statute provides that the civil law rules of intestate succession shall apply.
In essence, appellant Jones is arguing that the statutory scheme be ignored when half-bloods are involved and that determinations of degree for the purposes of 91-1-5 be based purely upon the civil law table of consanquinity. To do so would be to ignore both the legislative dictates and the judicial precedents which this Court has followed. Notwithstanding the age of the Scott v. Terry decision, its reasoning is still valid. The legislature has set forth a very clear and precise method of determining intestate succession. Any changes in such intestate succession rules must originate with the legislature who created our present ones.
In his opinion, the chancellor correctly stated:
 At the time of the death of William Tandy Stubbs, if his whole blood brothers had been living, there would be no question but that they would be his sole and only surviving legal heirs at law. His half blood sister would have no right, title, claim or interest in his estate. *Page 1365 
 It is also the law that children of deceased brothers and sisters of the whole blood occupy the same position as their parents, by right of representation.
Asserted by appellants is their eloquent argument that the inequities produced by the interpretation of the statute as enunciated in Scott v. Terry warrant this Court in overruling that case. The so-called inequities of which the appellants complain are of necessity inherent in the existence of our statute controlling intestate succession by half-bloods. Nonetheless, the legislature has seen fit to continually re-adopt this provision as to half-bloods. To enhance the administration of justice as to procedural rules, we do so as the needs arise even when overruling of cases becomes necessary, but where ownership of property and land titles are involved, changes in established law are generally not accomplished by judicial fiat. Existing applicable law is clear and warrants affirmance of the chancellor's decree.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
[1] Virginia S. Jones' children have joined as appellants herein.