SOVEREIGN CAMP, W. W. W., v. COLE.

[86 South. 802, No. 21501.]

1. INSURANCE. *By-laws liberally construed as to beneficiaries so as to give effect to mutual benefit certificate.*

In determining who is entitled to benefits in mutual benefit societies, the members of which contribute money which provides the funds from which benefits are paid, the courts will adopt a liberal construction of the by-laws of such society, so that effect may be given a certificate issued by such society to its members.

2. INSURANCE. *"Parent" within mutual benefit certificate held to include stepmother.*

Where a certificate of a benefit society provided that the beneficiary or beneficiaries shall be a wife, children, adopted children, parents, brothers, and sisters, or other blood relations, or persons dependent upon the member, and a pre-existing statute limited beneficiaries to "wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member," with a proviso that any society may by its laws limit the scope of beneficiaries within the above classes, the court will not put a narrow and restrictive meaning on the words used to designate beneficiaries, in the absence of a clear expression indicating a purpose to restrict, and in this case the word "parent" will be construed to include a stepmother, it being shown that the assured lived in the home and called the stepmother "mother," and that he had been reared by the stepmother, and that their relations had always been the same as mother and son.

Appeal from circuit court of Warren county.

Hon. E. L. Brien, Judge.

Action by Mrs. Alice Cole against the Sovereign Camp of the statute by the legislature in any manner affects and defendant appeals. Affirmed.

*P. H. Eager,* for appellant.

Appellee on page 5 of its brief states that in the acts of the legislature of 1916, chapter 206, section 6, the legislature very materially broadened and extended the laws of beneficiary that might be designated in policies of the kind sued on. We are unable to see how the broadening of the statute by the legislature in any manner affects the construction of the by-laws of the appellant order in the case at bar, for the reason that, while the beneficiary named in a policy or certificate of insurance in the fraternal class must come within either the class of beneficiaries designated by statute or the class of beneficiaries authorized by the charter, constitution and by-laws of the order, and in the case before the court, by the express and explicit terms of the by-laws of the order, the beneficiary is confined to "wife, adopted children, children, parents, brother, sister, or other blood relations, or to persons dependent upon the member." This quotation is taken from section 3 of the constitution and by-laws of the appellant order, lines 17-20, page 4, a certified copy of which by-laws is attached in the back of the record. It is therefore clearly seen that under this provision no stepmother is eligible as a beneficiary. The facts that the statute may be broader than the by-laws is immaterial, and we refer the court's attention to the many cases quoted from and cited in our original brief herein filed, where all the authorities hold that while the list of eligible beneficiaries as authorized by the by-laws of the order cannot be broader than the list of eligible beneficiaries allowed by statute; that on the other hand it is equally true that the order has a perfect right to restrict the list of eligible beneficiaries to a smaller and narrower class than that pre-

scribed by statute, and further, that the order has no greater authority than its constitution and by-laws authorize and that the list of eligible beneficiaries as laid down by this constitution and by-laws controls absolutely.

The rule is clearly stated in 29 Cyc. page 108, quoted on page 2 of our original brief, and is cited abundantly in the cases following the above quotation. The only remaining question in respect to this phase of the argument is this. Is the word "stepmother" included in the constitution and by-laws of the appellant order which authorizes and restricts a beneficiary to that of "wife," adopted children, children, parents, brother, sister, or other blood relations, or to persons dependent upon the member.

.Let us take up each class of eligible beneficiaries as laid down by these by-laws and endeavor to ascertain if the appellee, the stepmother of the insured in the case at bar, comes within the list of eligible beneficiaries. (1) The appellee is not the wife of the insured; (2) The appellee is not an adopted child of the insured; (3) The appellee is not a child of the insured; (4) The appellee is not the brother of the insured; (5) The appellee is not the sister of the insured; (6) The appellee is certainly no blood relation of the insured; (7) The appellee was not dependent upon the insured.; (8) Is the appellee included in the term parents?

We submit that clearly none of the terms are applicable to this appellee in any sense of the word, and the only one that is claimed by appellee to be applicable to this appellee is the term parents. In other words, the question now to be decided is, does the word "parents" include a stepmother? We are unable to find any authority anywhere holding that it does. On the other hand, we find the rule clearly established that the word "parents" does not include a stepparent.

In the case of *Charles Marshall* v. *Macon Sash-door etc. Co.* decided by the Georgia supreme court, 103 Ga. 725, 30 S. E. 571, 41 L. R. A. 211, 68 Am. State, Rep. 140, this identical question arose. The construction of the iden-

tical word "parent" was decided by this court in this case not to include a stepparent. Again we find this identical word "parent" construed in the case of *Einemier* v. *Arlitt*, 29 Tex. Civ. App. 140, 67 S. W. 1038, where the court held that the term "parent" does not include a stepfather or stepmother.

Bouvier's Law Dictionary in defining the word "parents" says: "Parent—The lawful father or the mother of a person. This word is distinguished from ancestors in including only the immediate progenitors of the person, while the latter embraces his more remote relatives in the ascending line."

Counsel for appellee says that the courts give the broadest and most comprehensive meaning to terms of the charters and laws of these orders in respect to the designation of beneficiaries, and refers the court to 29 Cyc., 108, and the note and authorities there cited. We beg to differ with counsel on this point, and while it is a general rule that all contracts of insurance are construed most liberally in favor of the insured, yet this rule is not at all applicable when the question of the eligibility of a beneficiary arises, and in the citation referred to, Cyc. says: "Ordinarily the society has power to prescribe what classes of persons shall be eligible as beneficiaries, and in case it exercises that power, the designation of a person not belonging to one of those classes is ordinarily ineffectual."

And Bacon in his work on Benefits, Societies and Life Insurance, at section 245 states the rule as follows: "If by statute or charter the beneficiaries of members are confined to certain classes, the designation of any one not of such class is void." Thus clearly the designation of this appellee as beneficiary was without authority and beyond the power of this appellant order and not authorized by its charter, constitution and by-laws and is therefore, we submit, absolutely void.

In the case of *Jones* v. *Fire Relief Association,* which is a Wisconsin case cited by appellee on page 7 of his brief, the construction turned upon the question as to whether or

not the beneficiary was a member of the insured's family. As is plainly seen in the opinion of the court wherein it said in closing: "Manifestly upon the established facts, plaintiff, stepmother of deceased, Richard J. Burke, was a member of his family."

It appears that this case goes a little further than most of the cases, and does to some extent, uphold the contention of the appellee, and we respectfully submit to the court that it is not in accord with the general rule and the better line of authorities, but on the other hand represents an exception to the rule.

This court in the case of *Carson et al.* v. *Vicksburg Bank,* 37 So. 559, which case is quoted from at length in our original brief, said: "The constitution and by-laws of the insurer, The Knights of Pythias, named those that were eligible as beneficiaries and under such constitution and by-laws the said Vicksburg Bank was not eligible as beneficiary."

In the Iowa case cited by appellee on page 9 of its brief *Smooke* v. *Grand Lodge,* 15 L. R. A. 114, the facts are entirely different from the case at bar, as in that case the word which was construed was not "parent" but on the other hand the broad and comprehensive term "relative." Not, if it please the court, blood relative. And we are unable to agree with counsel for appellee that because the term stepfather is included under the term relatives, that therefore the term stepmother will be included under the term parent. "Parent" is specific and restrictive in its meaning, whereas "relatives" includes a broad field.

We again refer the count to the only Mississippi case dealing with the case of *Carson et al.* v. *Vicksburg Bank, supra,* where this court expressed its policy to adhere to the established rule of confining the list of eligible beneficiaries to that set up in the by-laws of the order.

We again respectfully call the attention of the court to the question of the decedent having warranted that the appellee was his mother, which warranty was untrue, and therefore a recovery could not be had, as discussed in point 2 of our original brief, wherein is cited the case of *Citizens*

*Life Insurance Co.* v. *Swords,* 109 Miss. 635, wherein this court unequivocaly stated that: "A warranty must be literally true, and its materiality cannot be subject to inquiry."

We therefore respectfully submit that: (1) The appellee is not eligible as a beneficiary and the attempt to name her as such was void, and that under no circumstances can she be heard to claim proceeds of this certificate of insurance. (2) The insured warranted that the appellee was his mother, which warranty, was untrue, and that therefore no recovery can be had; and therefore the peremptory instruction granted by the learned trial court against this appellant and in favor of said appellee was error, and that the judgment thereupon rendered should, by this court, be reversed and judgment entered here in favor of this appellant.

*Anderson, Vollor & Kelly,* for appellee.

As announced at the beginning of this brief, the court will observe that the sole and only question involved is whether or not this stepmother, who is the appellee here, has the right of recovery on this policy which designated her as mother when assured named his beneficiary. Under the Acts of 1916, *supra,* section 6 which was pleaded in our replication, the legislature very materially broadened and extended the laws of beneficiaries that might be designated in policies of the kind sued on.

It seems from Mr. Yates' deposition that under the authority of this act his order met in Atlanta, Georgia, and in July, 1917, adopted and promulgated the constitution and by-laws filed herein leaving the beneficiaries that might be designated the same as they were before the passage of said act. This list of beneficiaries is found in these revised laws in section 3, page 4 thereof, and it is to that provision that we will address ourselves principally in discussing the question involved.

Our contention is, and this is what the lower court decided, that the term "parent" allowed by section 3 of the constitution and by-laws of this order for designation as

beneficiary is not confined to a parent by consanguinity, but may embrace a parent by affinity.

It is a well-recognized rule and seems to be universal that the courts will give as broad and comprehensive a meaning as possible to the terms of the charter of laws of these orders which are provided for the designation of beneficiaries. 29 Cyc. 108, Note 16 and authorities cited. It is also held without any material contradiction so far as we have been able to find, that a stepmother will take as beneficiary under the authorized term "mother," or as in the present case "parent." 19 R. C. L., page 1285, section 82; *Jones* v. *Fire Relief Ass'n of the City of Milwaukee* (Wis.), 138 N. W. 618; Am. Ann. Cases 1914B, page 59, 151 Wis. 215.

In the case of *Faxon* v. *Grand Lodge Brotherhood of Locomotive Fireman*, 87 Ill. App. 262, in a case analogous to the Jones case it is held that a stepmother was included as a member of the family. See, also, *Anderson* v. *Royal League*, 130 Minn. 416, L. R. A. 1916B, and note page 905 et seq. This is one of the latest cases we can find bearing on this question.

We respectfully submit, therefore, that the lower court committed no error in any of its rulings, and that the case should be promptly affirmed and this order be required to pay this claim, principal and interest, and all costs incurred.

Ethridge, J., delivered the opinion of the court.

This is an appeal from a judgment in favor of Mrs. Alice Cole against the Sovereign Camp of the Woodmen of the World for $1,070 and costs upon a beneficiary certificate of the appellant issued to Hal S. Cole, a member of the S. S. Prentiss Camp No. 41 located at Vicksburg, Miss. In defense it was pleaded that the constitution and by-laws of the defendant in force at the time the beneficiary certificate was issued, and continuously from said date till the death of the insured, contained the following provision in respect to the designation of beneficiaries in such certifi-

cates, limiting the persons eligible as such beneficiaries as follows:

"There shall be paid a sum not to exceed three thousand dollars to the person or persons named in his certificate as beneficiary or beneficiaries, which beneficiary or beneficiaries shall be his wife, children, adopted children, parents, brothers and sisters, or other blood relations or persons dependent upon the member."

And it was alleged that plaintiff was not a parent of the insured, but was his stepmother; that she was not dependent upon the member and was not a blood relative, all of which facts were unknown to the defendant at the time said policy was issued, and were not known until after the death of the said Hal Scott Cole, the insured. Wherefore it says, the plaintiff being ineligible as a beneficiary, such certificate is null and void, and it was also pleaded in defense that the said Hal Scott Cole, the assured, made the defendant a written application for such insurance, and warranted the truthfulness of all statements contained therein, which representations were relied upon by the appellant in issuing said certificate; that the beneficiary named in his application was his mother, when in truth and in fact the beneficiary named therein was not his mother and was not a parent, but was his stepmother, who was not eligible to be a beneficiary in such benefit certificate under the constitution and by-laws above mentioned.

It was also pleaded in defense that the assured made a statement that he had not been attended by a physician for illness or injury within five years before the certificate was issued, which representation was alleged to be untrue. But as the proof did not sustain this plea it will not be further considered in this opinion.

A replication was filed by plaintiff to the plea, which alleged as above set forth that the appellee was not competent as a beneficiary because she was not the parent, in which replication it was alleged that the assured was a member of her family, and lived in said family with her and his father, and continued thus to live up to and until

the time of his death; that his mother died many years before, and that the said Mrs. Alice Cole took the place of a mother to him, and that she was as close to him in every respect as if she had been his own mother; and that under said rules and regulations he was not precluded and prohibited from naming plaintiff as his beneficiary in said certificate; and also that at the time the said certificate was issued the defendant was carrying on its business in the state of Mississippi under chapter 206, Laws of 1916, and that by section 6 of said act it was expressly provided that the deceased and other members of the order had the legal right to name as beneficiaries in their certificates, among others, their stepmothers and stepfathers, and that by virtue of section 6 of said act he was allowed and permitted legally to name the plaintiff his beneficiary to all intents and purposes as if she was his own mother. The replications were demurred to, and the demurrer was overruled. Section 6, chapter 206, Laws of 1916, reads as follows:

"The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member; provided, that if after the issuance of the original certificate the member shall become dependent upon an incorporated charitable institution, he shall have the privilege, with the consent of the society, to make such institution his beneficiary. Within the above restrictions each member shall have the right to designate his beneficiary, and from time to time have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member; provided, that any society may, by its laws, limit the scope of beneficiaries within the above classes."

By the concluding clause of this statute the appellant was entitled to restrict its benefits to such members of the

classes named in the statute as. it might see proper to do, and the provision of the constitution and by-laws relied upon is shown to have been adopted subsequent to the enactment of this statute, and was in force at the time the certificate was applied for and issued. The assured was at the time of his death in the services of the United States government on duty in the navy.

The question turns upon whether the judgment should be reversed because the beneficiary was not the natural mother, but only the stepmother, of the assured. In other words, does the word "parent" in the provision of the by-laws above set forth include a stepmother? This precise question has not been decided by this court so far as we have been able to find, but has been decided in other states differently, some of the states holding that the term "parent" includes a stepmother or stepfather, while others hold it does not. This court in *Shelton* v. *Minnis,* 107 Miss., 133, 65 So. 114, held that in determining who is entitled to benefits in mutual benefit associations, the members of which contribute the money which provides the fund from which benefits are paid, liberal construction should be given the by-laws so as to effect the purpose of the parties to the contract. And the same rule was applied in *Sykes* v. *Armstrong,* 111 Miss. 44, 71 So. 264. These decisions establish the principle that the court will construe provisions as to who may be beneficiaries liberally, and as the plaintiff below was under the terms of the statute authorized to be made a beneficiary and had an insurable interest in the life of the deceased, we think that we will be justified in adopting that line of decisions which hold that the term "parent" may be construed to include a stepfather or stepmother. In 19 R. C. L. 1285, section 82, this language occurs:

"Although according to some authorities the terms 're-lated to' and 'relations,' as used in the rules and regulations of mutual benefit societies to denote the classes from which beneficiaries must be selected, included only relations by blood, and not relations by marriage, it is generally held that relations by affinity are also included.

Thus it has been decided that a 'stepfather' is a relative who may be made the beneficiary in a certificate under a statute which limits this right to the 'husband, wife, relative, legal representative, heir or legatee' of the member. And under a provision of the constitution of a relief association organized for the purpose of giving relief to the families of deceased members prescribing who may be beneficiaries, it has been held that a stepmother who is a member of the family is included in the term 'mother.' "

In the case of *Jones* v. *Mangan,* 151 Wis. 215, 138 N. W. 618, Ann. Cas. 1914B, 59, it appears from the facts that the insured was never married, and in his application for membership in the defendant association he designated the plaintiff as "mother." The principal points raised by the assignments of error were: First, that the court erred in finding at the time of his death the deceased was a member of plaintiff's family; and, second, that the court erred in holding that the plaintiff was such a person as could be lawfully named as beneficiary. Under the articles of incorporation of the defendant in that case it was provided that—

"Upon the death of a member in good standing the sum of fifteen hundred dollars shall be paid to the beneficiary or beneficiaries named in his application and membership certificate, provided, such beneficiaries be either widow, child or children, mother or father, sister or brother, niece or nephew of deceased member."

In that case Burke, a member of the defendant association, named the plaintiff, his stepmother, as beneficiary in his application, and the question arose whether she comes within the class designated as beneficiaries. The court held that the word "mother" included a stepmother.

The case of *Anderson* v. *Royal League,* 130 Minn. 416, 153 N. W. 853, L. R. A. 1916B, 901, Ann. Cas. 1917C, 691, was a suit upon a similar certificate containing a clause very similar to the one before us. The by-laws of the defendant in that case provided:

"A benefit certificate may be made payable only to one or more persons bearing the relationship to the member

of wife, child, adopted child, father, mother, adopting parent, brother, sister, affianced wife, uncle, aunt, niece, nephew, grandparent or grandchild, in which class of beneficiaries no proof of dependency shall be required."

The court in that case said: "The first contention of the defendant is that under the statute quoted plaintiff was ineligible as beneficiary, except as a dependent. To this we cannot assent. We think she and Whidden were members of the same family, and as such she was a proper beneficiary."

See, also, *Morey* v. *Monk,* 142 Ala. 175, 38 So. 265; *Faxon* v. *Grand Lodge, etc.,* 87 Ill. App. 262.

Authorities from Georgia, Texas, and Louisiana seem to be contrary to the above authorities, but we think following the more liberal authorities is the rule of wisdom and in accordance with the policy of this state, as announced in the above decisions from Mississippi. The deceased was a member of the order, and this construction will carry out and give effect to the relations established and the purposes intended, as we think, by both parties. The court below entertained these views, and the judgment will be affirmed.

*Affirmed.*