ZAZOVE v. UNITED STATES et al.
No. 9026.

Circuit Court of Appeals, Seventh Circuit.
June 27, 1946.

John B. King and Edward H. S. Martin, both of Chicago, Ill., for appellant.

J. Albert Woll, U. S. Atty., and Wm. M. Lytle, both of Chicago, Ill., John F. Sonnett, Asst. Atty. Gen., Thomas E. Walsh, Department of Justice, of Washington, D. C., and Frank J. Jacobson, of Chicago, Ill., for appellees.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The record of this case consists of a stipulation of the following facts. Adolph B. Schwartz entered the armed forces of the United States in 1941. He died in service in 1943. At the time of his death, he had a policy of insurance in the amount of $5,000 with his three sisters named as beneficiaries, and another policy for $5,000 with the plaintiff named as beneficiary. He designated her as his aunt in his application for insurance. She was not his aunt. Both policies were issued by the United States in 1941 pursuant to the provisions of the National Service Life Insurance Act.[1]

The policy in which the sisters were made beneficiaries was paid to them. The Government, however, denied the right of the plaintiff to receive payments under the policy in which she was named beneficiary, and the plaintiff brought this suit. The sisters of the deceased soldier were made third party defendants in the suit brought by the plaintiff, and as next of kin they claim the proceeds of the policy in which the plaintiff was designated as beneficiary. The Government and the third party defendants have taken the position that the plaintiff was not one of the persons who could be made beneficiary as provided by the statute. On the other hand, the plaintiff contended she stood in loco parentis to the deceased soldier for more than a year prior to his entry into the service, and she therefore was one of the persons authorized by statute to be named as beneficiary.

The soldier was twenty-five years old when in 1937 he went to live with the plaintiff, who was at that time forty-eight years of age. He continued to live in the plaintiff's home as one of her family until he entered the service on February 3, 1941. The defendants contend that the plaintiff did not stand in loco parentis to the soldier because he was twenty-five years old when he went to live in the plaintiff's household, and the relation could not arise unless he were a minor at the time he went to make his home in the plaintiff's household. The District Court took this view of the case, and entered judgment in favor of the third party defendants. From this judgment the plaintiff appealed. The sole question presented on this appeal is whether the plaintiff stood in loco parentis to the soldier.

At the time the policy was issued in this case, the statute provided: "The insurance shall be payable only to a * * * parent (including person in loco parentis if designated as beneficiary by the insured) * * *. The insured shall have the right to designate the beneficiary or beneficiaries of the

---

[1] 38 U.S.C.A. § 801 et seq.

insurance, but only within the classes herein provided * * *." [2]

This statute was amended on July 11, 1942 [3] by deleting the words in parentheses, "including person in loco parentis if designated beneficiary by the insured," and inserting the following provision: , "The terms 'parent,' 'father,' and 'mother' include a father, mother, father through adoption, mother through adoption, and persons who have stood in loco parentis to a member of the military or naval forces at any time prior to entry into active service for a period of not less than one year.'"

 The statute as originally enacted and as amended does not define the words in loco parentis. No regulation of the Veterans' Administration defines the words. The statute however is a remedial one and should be liberally construed in favor of the insured and to carry out his intentions. McClure v. United States, 9 Cir., 95 F.2d 744; Sovereign Camp, W. O. W. v. Cole, 124 Miss. 299, 86 So. 802. It is clear beyond any doubt that the soldier wished the plaintiff to receive the insurance. Did Congress use the words in loco parentis as descriptive words, or did it use the words with the common-law limitation upon them, namely that the relation could not exist unless the insured were a minor? We find no limitation in the words of Congress. We think they were used as descriptive words and were not to be restricted to the "stick in the bark" legal connotations usually attached at common law.

Under a similar statute, to wit, the War Risk Insurance Act of World War I, a United States District Court of Missouri held that the words in loco parentis were not used in the strict narrow sense which limited the relationship to minors. Meisner v. United States, D.C. 295 F. 866. This case was never appealed.

We find no other case that decides the precise question in relation to Government insurance. The defendants cite the cases of Howard v. United States, D.C. 2 F.2d 170, and Tudor v. United States, D.C. 36 F. 2d 386, which do not agree with the holding in the Meisner case, but the disagreement expressed is pure dicta and not necessary for the decision of either case. The Tudor case was appealed, but settled and dismissed before the Circuit Court of Appeals decided it.

The Government has cited a departmental opinion of October 22, 1943, in which it is recited that since 1920 the Veterans' Administration has consistently held that the relationship in loco parentis can come into existence only where the "child" is a minor. No cases are cited in the opinion. The defendants contend that Congress, having adopted the phrase, in loco parentis, in later legislation after such departmental construction, will be deemed to have intended to adopt the construction of the department.

 If it be true that the Veterans' Administration had construed the phrase, in loco parentis, as describing the relationship which could arise only with reference to a minor, which does not appear in any manner except from the recital in the opinion of the Administrator of the Veterans' Administration of October 22, 1943, it is equally true that the District Court of Missouri had squarely held to the contrary, and this case was never appealed. It is the only case that we can find that decides the precise question. It has also been held that where a court, even though it be an inferior court, has placed a judicial construction upon a statute which was subsequently re-enacted substantially in the same form in another statute, Congress may be deemed to have adopted the interpretation placed upon the statute by the inferior court. Bakelite Corporation v. National Aniline & Chemical Co., 2 Cir., 83 F.2d 176, 177. "* * * Under such circumstances, this considered opinion of an experienced and distinguished judge may fairly be regarded as adopted by the lawmaking body. * * *" Carroll Electric Co. v. Snelling, 1 Cir., 62 F.2d 413, 416.

Where there is a clear-cut construction by a District Court unappealed from, standing alone as judicial authority, and a departmental construction covering relatively the same period, which is in conflict with

---

[2] 38 U.S.C.A. § 802 (g), 54 Stat. 1008, 1010.

[3] 38 U.S.C.A. §§ 801 (f) and 802 (g), 56 Stat. 657, 659.

 

the judicial construction, and Congress thereafter enacts legislation incorporating substantially the same language contained in a former act which has received the aforesaid conflicting construction by the courts and the department, we cannot say that Congress can be presumed to have adopted either construction. We are free to put upon said language such construction as we think would fairly carry out the generous and liberal policy of the Congress to protect and effectuate the clearly expressed intentions of the servicemen. Departmental constructions are guides, not mandates. We must always assume the responsibility for the construction of the Act, giving to it the construction which we think Congress intended, considering the language it used and the purpose it had in mind to accomplish. Fishgold v. Sullivan Dry Dock & Repair Corporation, 2 Cir., 154 F.2d 785, affirmed 66 S.Ct. 1105.

One standing in the place of a parent may give more than material things to that relationship. Not only material help may flow from such a relationship. Some of the most worth-while, precious and cherished things in one's life may come therefrom wholly separate and apart from the rights of support and maintenance. In our opinion if the person named as beneficiary stands in fact in the relation of a parent toward the insured, yielding whatsoever there is of substance or sentiment to the relationship, the fact that the person who is the recipient of the fruits of such relationship is an adult is immaterial.

That Congress never intended such a narrow, legalistic construction of its words is evidenced by the fact that on June 3, 1946, the House of Representatives passed without a dissenting voice a liberalizing amendment to the National Life Insurance Act, which made certain that the class of beneficiaries included step parents, thereby expressing its disapproval of the narrow construction given by the Veterans' Administration to the words in loco parentis. Instead of Congress adopting the strict construction of the department, it has, as far as the House of Representatives is concerned, unanimously rejected the department's construction. We, too, reject it

as of no assistance in reaching a proper construction.

The judgment of the District Court is reversed and remanded with directions to proceed in accordance with this opinion.