## MALDONADO v. UNITED STATES et al.

### Civil Action No. 6201.

District Court, E. D. New York.

Dec. 24, 1946.

George A. Grabow, of New York City (Walter Merwin, of Buffalo, N. Y., of counsel), for plaintiff.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Thomas E. Walsh, Atty. Dept. of Justice, of New York City, and Frank J. Parker, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

BYERS, District Judge.

Plaintiff's motion for summary judgment. The pleadings and affidavits, pro and con, reveal that the action is to recover $5,000.00 insurance issued under the National Service Life Insurance Act (38 U.S.C.A. § 801 et seq.) to one Serviliano Rivera, a soldier of the United States, who was killed in action in France on July 3, 1944.

The application for $10,000.00 of insurance bore date of October 23, 1943, and was payable as to $5,000.00 to the father of the applicant, Justo Rivera, and as to $5,000.00 to his aunt, the plaintiff; there was added

in connection with her name "loco paren- tis".

**■** But for those words, she could not have been a beneficiary within the statute, (38 U.S.C.A. § 302(g)) since she was neither widow, child, parent, nor sister of the insured.

The showing is that the decedent, a native of Porto Rico, was born on April 20, 1913, and was thus over 31 years of age at death; he was married on June 5, 1934, and about a month later came to Brooklyn, and began to reside with the plaintiff, who was his elder by about 6 years; thus he was over 21 years of age and a married man at the time that the relationship as asserted by the plaintiff had its inception. Whatever the status of the parties was from July 2, 1934, it continued until June 3, 1935. There is a conflict as to the immediately subsequent events.

The plaintiff says there was no interruption in the decedent's residence until December of 1938, when he returned to Porto Rico for two months, and that in December of 1939 he came back to her home and stayed until the end of 1940, when he went back to Porto Rico to obtain a divorce; that he again returned to her home on December 17, 1942, and so remained until entering the service in October of 1943.

The defendant's information differs except as to the last-mentioned period of nearly eleven months, for the files are said to disclose that about June 3, 1935, the decedent removed to Manhattan, where he resided, apparently, until the end of 1940.

A child was born of the decedent's marriage, one Carmen Maria Rivera, on March 7, 1935 (this will be seen to have been possible), who has been vouched into this action and appears by guardian who has filed the usual answer on her behalf.

The plaintiff urges that the case of Zazove v. United States, 7 Cir., 156 F.2d 24, 26, requires the granting of her motion.

That decision was based upon a stipulation of facts, which apparently sufficed to convince the Circuit Court of Appeals for the Seventh Circuit that:

"The statute as originally enacted and as amended does not define the words in loco parentis. No regulation of the Veterans' Administration defines the words. The statute however is a remedial one and should be liberally construed in favor of the insured and to carry out his intentions. McClure v. United States, 9 Cir., 95 F.2d 744; Sovereign Camp, W. O. W. v. Cole, 124 Miss. 299, 86 So. 802. It is clear beyond any doubt that the soldier wished the plaintiff to receive the insurance. Did Congress use the words in loco parentis as descriptive words, or did it use the words with the common-law limitation upon them, namely that the relation could not exist unless the insured were a minor? We find no limitation in the words of Congress. We think they were used as descriptive words and were not to be restricted to the 'stick in the bark' legal connotations usually attached at common law."

The difficulty I have, in presently applying the foregoing, is to perceive the difference between "descriptive words" and the "common-law limitation upon them".

**■** The expression "in loco parentis" could not have been chosen at random by Congress to mean that nearly any person, not eligible to be named as a beneficiary in this type of insurance, could be rendered so by merely affixing that label to his or her name. I should suppose that the choice of words was deliberate, not casual, and that the intention was to describe a status which, through the years, had come to be understood as possessing well recognized characteristics.

Nor is it clear that the Administrative concepts were ignored when the Act of July 11, 1942, was under advisement, for the Committee Report in the House, No. 2312, contains this:

"Sections 7 to 10, inclusive, of the bill, were added as amendments by the Committee on Finance, United States Senate,* and were recommended by the Administrator of Veterans' Affairs."

The words "and persons who have stood in loco parentis to a member of the military

---

* Senator George, formerly a justice of the Supreme Court of Georgia, was Chairman.

**304**

or naval forces at any time prior to entry into active service for a period of not less than one year" are included in the amendments above referred to.

It therefore seems that something more must be shown, than the intentions of the insured, in order that the requirements of the statute may be given effect. The fact that the decedent boarded or lodged with his aunt, and perhaps paid his way, would not be consistent with her occupying the place of a parent to him; nor would the fact, if it was a fact, that he lived elsewhere than in her home for some five years subsequent to 1935, tend to fortify her asserted position; moreover, the decedent was a married man and a father, and may himself have been contributing to the support of his wife and child, instead of being the recipient of "some of the most worthwhile, precious and cherished things in one's life" as was deemed to have been suggested by the Zazove case, supra.

The plaintiff should be given the opportunity to establish by proof that she did in fact stand in loco parentis to the decedent; and the defendants should be given the opportunity to refute that proof, or perhaps go further, if they be so advised, but in any case the question of fact is of such moment and uncertainty, that it cannot be effectually determined under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Motion denied. Settle order.