Aram A. Arabian, of Providence, R. I., for plaintiff.

George F. Troy, U. S. Atty., and Edward M. McEntee, Asst. U. S. Atty., both of Providence, R. I., for the Government.

Joseph B. Carty, of Providence, R. I., for party defendant Annie E. Silver.

HARTIGAN, District Judge.

This is a suit brought by John D. Smith to recover the amount due on two policies of insurance issued to his son, Lloyd Smith, under the provisions of the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 801 et seq.

A disagreement having arisen between the plaintiff and Annie E. Silver, the beneficiary named in said policies and the maternal grandmother of the insured, over the proceeds due under said policies, the government moved that said Annie E. Silver be made a party defendant and an order was entered to that effect.

The only question to be decided in this case may be stated as follows: Did Annie E. Silver stand in loco parentis to Lloyd Smith, a member of the military forces, at any time prior to his entry into active service for a period of not less than one year?

Title 38 U.S.C.A. § 801(f) provides: "The terms 'parent', 'father', and 'mother' include a father, mother, father through adoption, mother through adoption, and persons who have stood in loco parentis to a member of the military or naval forces at any time prior to entry into active service for a period of not less than one year. As amended July 11, 1942, c. 504, § 7, 56 Stat. 659."

**SMITH v. UNITED STATES.**

Civ. No. 466.

District Court, D. Rhode Island.

Dec. 31, 1946.

§ 802(g) provides: "The insurance shall be payable only to a widow, widower, child (including a stepchild or an illegitimate child if designated as beneficiary by the insured), parent, brother or sister of the insured. The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided."

Lloyd Smith, the son of John D. Smith and Nancy Silver Smith, was born May 1, 1920, in the home of the defendant, Annie E. Silver, where he lived for some time.

April 29, 1932, Nancy Silver Smith after having instituted divorce proceedings against John D. Smith, obtained a court order granting her support and the custody of Lloyd Smith. October 8, 1932, the divorce petition was denied and dismissed.

In May, 1933, Nancy Silver Smith brought another action for divorce against her husband and a final decree was entered April 2, 1934, granting her a divorce from John D. Smith who was ordered to pay $4 a week for the support of Lloyd.

Lloyd Smith enlisted in the United States Army October 27, 1939, and gave his home address 49 Grand View Street, Providence, R. I., which was his mother's home.

A $2,000 certificate of National Life Insurance effective March 1, 1942, was issued to Lloyd Smith. (Ex. 1). Another certificate for $8,000 effective February 1, 1943, was issued to him. (Ex. 2).

Nancy Silver Smith was named primary beneficiary in each of these certificates and John D. Smith, the plaintiff, contingent beneficiary.

Lloyd's mother married a man by the name of Bacon about a year and a half after her divorce. She died November 16, 1943. The plaintiff remarried about four years after the divorce.

December 7, 1943, Lloyd Smith cancelled the previously designated beneficiaries in said certificates and designated Mrs. Annie E. Silver, 29 Bentley Street, East Providence, R. I., primary beneficiary, and stated the relationship "Loco parentis—grandmother." He designated his uncle, Elmer Silver, of the same address as contingent beneficiary. The changes of beneficiary on both certificates were approved on January 18, 1944.

Lloyd Smith was killed in action May 23, 1944, in New Guinea, while serving as a sergeant.

July 25, 1944, Annie E. Silver asserted her claims to the two policies. May 18, 1945, the administrator determined that she was entitled to receive the benefits of said policies. Fifteen monthly payments, totaling $1,341 were paid to her. The monthly payments were discontinued August 22, 1945, because of the conflicting claim of the plaintiff made July 6, 1944 and that of Annie E. Silver.

The testimony as to where Lloyd Smith lived prior to his entry into the service is conflicting. The father admitted that after Lloyd was born he lived with his grandmother "on and off." He testified that after the divorce Nancy Silver Smith roomed out and that Lloyd lived with her and also that she and Lloyd lived with Annie E. Silver "on and off."

Lloyd was on friendly terms with his father and they corresponded while he was in the service but the testimony discloses that the father did very little for his son prior to his enlistment.

The credible testimony convinces me that Lloyd Smith, after the divorce of his parents, lived with his mother the greater part of the time up to about March, 1936 and that from then on until his entry into the service he lived with his grandmother who gave him shelter, food, clothing and motherly care.

Lloyd wrote letters to his grandmother frequently and she had her daughters write often to him because she was unable to write.

Prior to Pearl Harbor, Lloyd had a furlough for about one month and he stayed at his grandmother's home. His mother, who was ill at that time, was also living there.

December 18, 1943, Lloyd wrote a letter to his grandmother in which he expressed his gratitude to her for what she had done

for his mother and for him. In this letter he said: "Grandmother I turn my insurance over to you and as you no (sic) I have no one in this world now to love as dearly as you and I hope some day that I can get back to see you once more."

The oral testimony, the letters and the designation by Lloyd of his grandmother as beneficiary of the policies leave no doubt in my mind of the very affectionate relationship that existed between them.

In Meisner v. United States, D.C., 295 F. 866, 868, which was a suit to recover on a policy issued under the provisions of the War Risk Insurance Act of World War I, the court said: " * * * It is the policy of the courts, if possible, to effectuate the expressed wishes of a deceased soldier. * * *"

In Zazove v. United States, 7 Cir., 156 F.2d 24, 26, 27, the court said:

"The statute as originally enacted and as amended does not define the words in loco parentis. No regulation of the Veterans' Administration defines the words. The statute however is a remedial one and should be liberally construed in favor of the insured and to carry out his intentions. McClure v. United States, 9 Cir., 95 F.2d 744; Sovereign Camp, W. O. W. v. Cole, 124 Miss. 299, 86 So. 802. It is clear beyond any doubt that the soldier wished the plaintiff to receive the insurance. Did Congress use the words in loco parentis as descriptive words, or did it use the words with the common-law limitation upon them, namely that the relation could not exist unless the insured were a minor? We find no limitation in the words of Congress. We think they were used as descriptive words and were not to be restricted to the 'stick in the bark' legal connotations usually attached at common law.

\* \* \* \* \* \*

"One standing in the place of a parent may give more than material things to that relationship. Not only material help may flow from such a relationship. Some of the most worth-while, precious and cherished things in one's life may come therefrom wholly separate and apart from the rights of support and maintenance. In our opinion if the person named as beneficiary stands in fact in the relation of a parent toward the insured, yielding whatsoever there is of substance or sentiment to the relationship, the fact that the person who is the recipient of the fruits of such relationship is an adult is immaterial."

The evidence convinces me and I, therefore, find that Annie E. Silver stood in loco parentis to Lloyd Smith, a member of the military forces, at a time prior to his entry into active service for a period of not less than one year and is, therefore, entitled to the amounts due under Certificate No. N–1,645,415, (Ex. 1), and Certificate No. N–8,379,705, (Ex. 2).

Judgment may be entered accordingly.