**DODD v. UNITED STATES (DODD et al., Third-Party Defendants).**

**Civil Action No. 749.**

District Court, W. D. Arkansas, Fort Smith Division.

April 1, 1948.

992

Franklin Wilder and Mr. Edgar E. Bethell, both of Fort Smith, Ark., for plaintiff.
. Hugh M. Bland, of Fort Smith, Ark., for third-party defendants.

**JOHN E. MILLER, District Judge.**

This action was filed on December 26, 1947, by Virgie Dodd, stepmother of the insured, Leroy V. Dodd, to recover from the defendant, United States of America, the remaining installments due under the policy of National Service Life Insurance issued to the said Leroy V. Dodd.

As appears from the complaint, Virgie Dodd, plaintiff, married R. B. Dodd in Fort Smith, Arkansas, on November 16, 1938. Leroy V. Dodd, insured, was the son of R. B. Dodd, by the latter's first wife, and was living in the home of the said R. B. Dodd at the time of his marriage to the plaintiff. The insured remained in the home of R. B. Dodd and this plaintiff until leaving the same to accept employment in Washington, D. C. On or about January 7, 1942, the insured, Leroy V. Dodd, enlisted in the Armed Forces of the United States, and thereafter applied for and received a policy of insurance in the principal sum of $10,000 under the National Service Life Insurance Act of 1940, as amended. He named his father, R. B. Dodd, as principal beneficiary and his brother, James R. Dodd, as alternate beneficiary.

On April 15, 1943, the insured, Leroy V. Dodd, was killed in action, and thereafter monthly payments under the policy were made to R. B. Dodd, principal beneficiary, in the sum of $73.20 per month. On September 3, 1944, the said R. B. Dodd died, whereupon his right to the proceeds of the policy ceased, and the alternate beneficiary, James R. Dodd, became entitled to and received monthly payments under said policy. James R. Dodd was killed in action in January, 1945, whereupon his right to the proceeds of the policy ceased.

Subsequent to the death of the said James R. Dodd, the plaintiff, Virgie Dodd, filed her claim with the Veterans Administration, alleging that she was the next qualified person within the classes designated by law to receive the proceeds of this policy. By letter of October 27, 1947, the plaintiff was notified by the Life Insurance Claims Division, Veterans Administration, that her claim was disallowed.

Following that disallowance the plaintiff, as stated above, filed her cause of action in this court to recover the unpaid installments under said policy of insurance.

On February 16, 1948, the defendant, United States of America, filed its answer and counterclaim for interpleader, denying that plaintiff has any right to the proceeds of the policy of insurance, and alleging that the five surviving brothers of the insured, to wit: Clyde W., Earl P., Gordon C., Glenn R., and Carl B. Dodd, are claiming an interest in said insurance benefits and are necessary and indispensable parties to this action. The defendant, United States of America, admitted liability under the policy of insurance, and prayed that the above named brothers be made parties to the action and that the court determine the party or parties entitled to said proceeds and direct payment in accordance with such determination.

By order of February 18, 1948, the court made the above named brothers of Leroy V. Dodd parties to this action and directed that they respond to the complaint and counterclaim.

In response to a motion for more definite statement filed by the third-party defendants on February 23, 1948, the attorneys for plaintiff and third-party defendants stipulated on March 4, 1948, that the complaint of plaintiff be amended to show that the policy of insurance was issued by the Government to Leroy V. Dodd on January 15, 1942, and that the plaintiff, Virgie Dodd, was not designated as a beneficiary.

On March 4, 1948, the third-party defendants filed a motion to dismiss alleging that the complaint fails to state facts sufficient to constitute a cause of action in favor of the plaintiff. This motion is now before the court.

The material dates may be recapitulated as follows:

Policy issued to Leroy V. Dodd—January 15, 1942.

Leroy V. Dodd killed in action—April 15, 1943.

R. B. Dodd, principal beneficiary, died—September 3, 1944.

James R. Dodd, alternate beneficiary, died—January, 1945.

Claim of Virgie Dodd disallowed by letter—October 27, 1947.

This Suit filed—December 26, 1947.

Section 602(g) of the National Service Life Insurance Act of 1940, Section 802(g) of Title 38 U.S.C.A., provides as follows:

"The insurance shall be payable only to a widow, widower, child (including a stepchild or an illegitimate child if designated as beneficiary by the insured), parent (including person in loco parentis if designated as beneficiary by the insured), brother or sister of the insured. The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided."

Section 602(h) (3) of the same Act, Section 802(h) (3) of Title 38 U.S.C.A., provides:

"Any installments certain of insurance remaining unpaid at the death of any beneficiary shall be paid in equal monthly installments in an amount equal to the monthly installments paid to the first beneficiary, to the person or persons then in being within the classes hereinafter specified and in the order named, unless designated by the insured in a different order—

"(A) to the widow or widower of the insured, if living;

"(B) if no widow or widower, to the child or children of the insured if living, in equal shares;

"(C) if no widow, widower, or child, to the parent or parents of the insured, if living, in equal shares;

"(D) if no widow, widower, child, or parent, to the brothers and sisters of the insured, if living, in equal shares."

By the Act of July 11, 1942, Section 601 of the National Service Life Insurance Act of 1940, Section 801 of Title 38 U.S.C.A., was amended by adding at the end thereof the following subsection:

"(f) The terms 'parent', and 'mother' include a father, mother, father through adoption, mother through adoption, persons who

have stood in loco parentis to a member of the military or naval forces at any time prior to entry into active service for a period of not less than one year."

On that date, July 11, 1942, Section 602 (g) of the 1940 Act, Section 802(g) of Title 38 U.S.C.A., was amended by striking therefrom the following: "(including person in loco parentis if designated as beneficiary by the insured)."

Section 602(h) (3), Section 802(h) (3) of Title 38 U.S.C.A., was amended to read as follows:

"(C) if no widow, widower, or child, to the parent or parents of the insured who last bore that relationship, if living, in equal shares." ·

By the Insurance Act of 1946, August 1, 1946, Section 601(f) of the National Service Life Insurance Act of 1940, Section 801(f) of Title 38 U.S.C.A., was amended effective as of October 8, 1940, to read as follows:

"(f) The terms 'parent', 'father', and 'mother' include a father, mother, father through adoption, mother through adoption, persons who have stood in loco parentis to a member of the military or naval forces at anytime prior to entry into active service for a period of not less than one year, *and a stepparent, if designated as beneficiary by the insured.*" (Italics added to show the words added by this amendment.)

In this case both the principal and alternate beneficiaries are deceased and the unpaid installments of this policy of insurance now go to the person or persons within the classes specified and in the order named by Section 602(h) (3), since the insured did not designate a different order. That order is (A) widow or widower, (B) child or children, (C) parent or parents, and (D) brothers and sisters. Involved in this controversy are persons in classes (C) and (D). It is the position of the plaintiff that she comes under the classification of "parent" and therefore is next in line to receive the proceeds of this policy. The third-party defendants, brothers of the insured, contend that the plaintiff may not be so classified, and therefore, they are next in line to receive the proceeds, since there are no living persons in classes (A), (B), and (C).

As hereinbefore set out, Section 602(h) (3) (C) reads as follows:

"(C) if no widow, widower, or child, to the parent or parents of the insured who last bore that relationship, if living, in equal shares."

By Section 601(f) "parent" is defined as: " * * * father, mother, father through adoption, mother through adoption, and persons who have stood in loco parentis to a member of the military or naval forces at any time prior to entry into active service for a period of not less than one year, and a stepparent, if designated as beneficiary by the insured."

As applied to Section 602(h) (3), however, this definition must of necessity read as follows:

" * * * father, mother, father through adoption, mother through adoption, and persons who have stood in loco parentis to a member of the military or naval forces at any time prior to entry into active service for a period of not less than one year * * *."

This is true for the reason that Section 602(h) (3) is applicable to the present case because it designates to whom the proceeds of a National Service Life Insurance policy will go when the beneficiary or beneficiaries, as is the instant case, named by the insured die, and the order set out in Section 602(h) (3) is controlling here since this insured did not designate a contrary order. Therefore, since Section 602(h) (3) deals with the recipients of the proceeds in the absence of a designation, that portion of Section 601(f) added by the Insurance Act of 1946, to wit: "and a stepparent, if designated as beneficiary by the insured," obviously is inapplicable for purposes of Section 602(h) (3). If a stepparent is designated as beneficiary then Section 602(h) (3) would not be applicable, and if a stepparent is not designated then he or she does not fall within the definition of "parent" by reason of being a stepparent, but necessarily must qualify as a "parent," if at all, by reason of being a father through adoption, mother through adoption, or a person in loco parentis.

The plaintiff herein is basing her eligibility as a proper beneficiary upon her allega-

tion of standing in loco parentis to the insured, and not upon the fact that she was his stepmother.

If the Congress meant by the amendment of 1946 to render stepparents eligible beneficiaries only when so designated by the insured, then this plaintiff is precluded from recovery. However, if the Congress meant that a stepparent is eligible, that is, falls within those permissable classes enumerated in Section 602(g), and specifically within the class "parent," either when designated as a beneficiary or when occupying the position of loco parentis, which is the contention of this plaintiff, then she would be entitled to a recovery, provided she is able to establish her allegation upon a trial of the case.

An examination of the explanation of the Insurance Act of 1946 prepared by the Senate Committee on Finance, Senate Report No. 1705, July 12, 1946, U. S. Code Congressional Service, 79th Congress, Second Session, 1946, page 1394, proves helpful in arriving at the Congressional intent. The explanation of the amendment to Section 601(f) is as follows:

"Section 1 of the committee amendment would redefine the terms 'parent', 'father', or 'mother' to include within the permitted class of beneficiaries for national service life insurance a 'stepparent' if designated as beneficiary by the insured. Your committee has been informed that in certain instances a stepparent has been denied payment of insurance even though designated by the insured as beneficiary because such stepparent did not stand in relationship as parent to the insured for a full year prior to the insured's entry into active service. The amendment will authorize payment of installments of insurance to the designated stepparent from and after the first day of the third calendar month following receipt of claim by or on behalf of such stepparent."

It appears from the above quotation that it was the purpose of the amendment to expand the rights of stepparents under National Service Life Insurance Policies rather than restrict them. Prior to the 1946 Act the stepmother in the instant case would have been an eligible beneficiary only if she had stood in relationship of a parent (loco parentis) to this insured for a full year prior to his entry into active service whether or not designated as beneficiary. Since the Act of 1946, however, she is eligible if she has occupied that relationship (loco parentis) for a full year prior to his entry into active service, and also, if she had been designated as beneficiary, she would be eligible regardless of the existence of the relationship of loco parentis, or if that relationship existed, regardless of the length of its existence.

A stepparent does not by reason of such relationship alone stand in loco parentis to a stepchild, but certainly in a proper case he may stand in loco parentis to the stepchild. Miller v. United States, 8 Cir., 123 F.2d 715; 39 Am.Jur., Parent and Child, Section 62. The assumption of the relationship is a question of intention, and its existence is a factual question to be determined on a trial of the case. However, for purposes of this motion, the allegation in the complaint that this plaintiff stood in loco parentis to the insured must be accepted as true.

It should be noted that beneficiaries, designated or undesignated, have no vested rights in National Service Life Insurance. An insured may change beneficiaries at any time without the consent or knowledge of previous beneficiaries. The Congress may enlarge the permissable classes as it chooses, and as hereinbefore set out, the Insurance Act of 1946 in amending the classes of beneficiaries, expressly provided that its effect should be retroactive to October 8, 1940. The provisions of the National Service Life Insurance Act of 1940 in effect at the time of the issuance of the policy of insurance to this insured, January 15, 1942, did not fix the rights of the parties to this litigation, and those provisions of the 1940 Act that were removed or amended by the 1942 and 1946 amendments are not applicable here.

The effect of Zazove v. United States et al., 7 Cir., 156 F.2d 24, cited by the third-party defendants in their brief, is that a beneficiary may stand in loco parentis to an adult for purposes of National Service Life Insurance. The court refused to be bound by the common law limitation that the re-

lation could not exist unless the insured be a minor. This case is of no benefit to the third-party defendants in their motion to dismiss.

 The motion to dismiss filed herein by the third-party defendants' should be overruled, and an order to that effect is being entered today, in which the exceptions of the third-party defendants are saved.