## STRAUSS v. UNITED STATES.
No. 103, Docket 20359.

Circuit Court of Appeals, Second Circuit.
April 8, 1947.

Writ of Certiorari Denied June 16, 1947.
See 67 S.Ct. 1741.

Before SWAN, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The only issue is whether the court below correctly concluded that the defendant did not stand *in loco parentis* to the insured. It is·clear that the insured thought she did, and that he wished her to receive the proceeds of the policy, but this is not decisive of the question. The National Insurance Act, 38 U.S.C.A. § 802(g) provides that "the insurance shall be payable only to a widow, widower, child * * * parent * * * brother or sister of the insured. The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided * * *". Section 801(f) of the same Act defines "parent" as follows: "the terms 'parent', 'father', and 'mother' include a father, mother, father through adoption, mother through adoption, persons who have stood *in loco parentis* to a member of the military or naval forces at any time prior to entry into active service for a period of not less than one year."

Without doubt, there was a strong bond of affection between the defendant and insured, but that is not sufficient to establish the fact that she stood *in loco parentis*. There are certain obligations inherent in the parental relationship to a minor child, obligations which the defendant never undertook to perform, and never showed any intention of performing. Foremost among these obligations is the responsibility for 'the support of the child. Howard v. United States, D.C.Ky., 2 F.2d 170; Meisner v. United States, D.C.Mo., 295 F. 866. This responsibility was neither borne nor contemplated by the defendant. While it is undoubtedly true that she was exceedingly fond of the insured, her statement at the time she requested an increase in the allowance from the Society was evidence of the fact that she felt no real responsibility for his support. Cf. Horsman v. United States, D.C., 68 F.Supp. 522; Baldwin v. United States, D.C., 68 F. Supp. 657. Defendant claims that the allowance given her by the Society was insufficient for the support of the child, and that she supplemented the allowance with her own funds. However,

James P. Cotter, of Buffalo, N.Y., for plaintiff-respondent.

James O. Moore, Sr., of Buffalo, N.Y., for defendant-appellant.

George L. Grobe, U.S.Atty., for the Northern District of New York, of Buffalo, N.Y., for defendant.

the evidence on the matter is equivocal, and there is no finding to that effect. Whether defendant actually did become responsible for the boy's support after the payments from the Society ceased need not be considered, since the elapsed time between his seventeenth birthday and the date of his enlistment was less than the period of one year required by the terms of the statute.

The cases dealing with the problem of whether an individual may be *in loco parentis* to an adult are not applicable here. In Zazove v. United States, 7 Cir., 156 F. 2d 24, the court appeared to think that it was possible to be *in loco parentis* to an adult although neither of the parties involved contemplated any financial dependence. But the duty of any parent to support a child ceases when the child comes of age, and consequently, the lack of intention to be responsible for the support of an adult does not necessarily negate the existence of the parental relationship. However, the parent of a minor generally is responsible for the support of the child, and we believe that such responsibility is necessary to establish the relationship of one *in loco parentis*. See Niewiadomski v. United States, 6 Cir., 159 F.2d 683. The court below found that up to the time of the insured's 17th birthday, the defendant never assumed the parental obligation of providing for his care and support, and that she had never shown any intention of assuming that obligation. That finding was supported by the evidence, and on that basis we think the judgment below should be affirmed.

Affirmed.