## WOOD v. UNITED STATES et al.
### Civ. A. No. 780.

District Court, W. D. South Carolina.
Dec. 10, 1947.

John C. Williams and Herbert N. Felton, both of Spartanburg, S. C., for plaintiff.

Oscar H. Doyle, U. S. Atty., of Greenville, S. C., for defendant United States.

W. D. Workman, of Greenville, S. C., for defendants James Sampson Brown and Effie Ward Brown.

WYCHE, District Judge.

This is an action to recover certain amounts under two National Service Life Insurance policies, one in the face amount of $1,000.00, and the other in the face amount of $9,000.00, issued by the United States to Lewis Brown while he was serving in the army of the United States, and wherein the plaintiff is named as beneficiary. Lewis Brown died while in the military service and while the policies were in full force and effect.

The plaintiff alleges that the defendants James Sampson Brown and Effie Ward Brown were the natural parents of the deceased veteran, but that the plaintiff and his wife were, and have been since the 8th day of February, 1934, foster parents of the deceased veteran and stood in loco parentis to the deceased veteran until the time of his death, and claims the proceeds of the policies as the named beneficiary therein.

The defendants James Sampson Brown and Effie Ward Brown in their answer deny that the plaintiff is within the permitted class of beneficiaries under the National Service Life Insurance Act of 1940, and amendatory acts thereto, 38 U.S.C.A. § 801 et seq., and allege that they were the natural parents of the deceased veteran; that Lewis Brown was unmarried at the time of his death and left no child or children, and that they are therefore entitled to receive the proceeds of the policies of insurance.

The United States admits that the policies were in full force and effect at the time of Lewis Brown's death, and admits liability under the policies of insurance, and prays that this court adjudge whether the United States is obligated to the plaintiff, Leonard Roy Wood, or to the co-defendants, James Sampson Brown and Effie Ward Brown, under the policies of insurance in the aggregate amount of $10,000.00; and that the court discharge the United States from any and all liability in the premises, except as to the person or persons who shall be entitled to receive the said insurance benefits.

The preponderance of the evidence discloses that Lewis Brown, the deceased veteran, made application for National Service Life Insurance in the amount of $1,000.00 on February 11, 1942. As beneficiary in this policy he named "Leonard Roy Wood, Friend (loco) Rt. 2, Taylors, S. C." The policy became effective March 1, 1942. On August 8, 1943, he made application for National Service Life Insurance in the additional amount of $9,000.00, naming Leonard Roy Wood (friend) as beneficiary. On August 19, 1943, a communication was sent to the Veterans Administration by Lewis Brown's Unit Personnel Officer requesting advice on the designation of beneficiary on the insurance application of Lewis Brown. On September 30, 1943, the Director of Insurance of the Veterans Administration, answered the communication, stating that "The insured should be advised if in fact his friend Mr. Leonard R. Wood stood in place of a parent to him during his minority, the proceeds of his insurance may be payable to him as beneficiary in the event of a claim." As a result of the application dated August 8, 1943, and the communication had with the Veterans Administration, a $9,000.00 insurance certificate was issued to Lewis Brown on December 1, 1943, in which Leonard Roy Wood was named as beneficiary.

Lewis Brown was born November 17, 1915, the son of James Sampson Brown and Effie Ward Brown. He worked for plaintiff as a day laborer in 1932 and 1933. He came to plaintiff's home in February, 1934, poorly clad and with no money, and told plaintiff that he could not get along with his family and wanted to live with the plaintiff. Plaintiff told Lewis Brown that as long as

he obeyed him and his wife he would take him as one of his children, and clothe and board him and do the best he could. Thereafter Lewis Brown lived in the home of plaintiff, and was treated as one of plaintiff's children. Food, clothing and medical care were provided for Lewis Brown by plaintiff. Lewis Brown told several people that the Wood home was the only real home he had ever known. All mail addressed to Lewis Brown was delivered into plaintiff's mail box. He attended Church with the Wood family. Lewis Brown lived continuously with the plaintiff from February, 1934, until he enlisted in the army in September, 1936. Plaintiff and his father, J. Ham Wood, signed the service papers for him to get into the army. He packed his suitcase at plaintiff's home and plaintiff's wife took him to the bus station when he left to go into the army in 1936. After approximately three months he was discharged from the army. Upon his request the plaintiff sent him money on which to come home, and he returned to plaintiff's home and lived with the Wood family from that time until he was drafted in 1942. In letters written by Lewis Brown to plaintiff's children while he was in the service he referred to himself as "your big brother". In May, 1944, he sent a Mother's Day card to plaintiff's wife, expressing deep devotion. In writing to plaintiff's daughter he began his letters "Dear Sister". When he was on furlough he came to plaintiff's home and stayed, seldom, if at all, going to see his parents, the defendants James Sampson Brown and Effie Ward Brown. Plaintiff was designated by Lewis Brown as the person to be notified in case of his death. The plaintiff was the first person notified when the veteran Brown was sent overseas, and he was the first person notified when the veteran Brown was killed, and he in turn notified Brown's family. The Purple Heart was awarded posthumously to the veteran Brown, and was sent to the plaintiff by the Secretary of War.

Lewis Brown obtained a policy of insurance with the Liberty Life Insurance Company and named the plaintiff as beneficiary thereof. This insurance has been paid to the plaintiff.

The National Service Life Insurance Act, 38 U.S.C.A. § 801, provides as follows: "The terms 'parent', 'father', and 'mother' include a father, mother, father through adoption, mother through adoption, persons who have stood in loco parentis to a member of the military or naval forces at any time prior to entry into active service for a period of not less than one year, * * *."

The assumption of the relation of one person standing in loco parentis to another is a question of intention. There can be no question but that the insured considered the plaintiff in that relation toward him. The insured, through his Commanding Officer, made inquiry as to whether or not plaintiff was eligible to be made beneficiary. After the question was explained to Brown it is evident that he considered Wood within the permitted class of beneficiaries and showed that it was his desire that the benefits promised by the government should be paid to the plaintiff in the event of his death. Certainly Brown was in better position than anyone else to know the real relationship existing between himself and Leonard Roy Wood.

In 1932 and 1933 the insured worked for the plaintiff and regular wages were paid him. In February, 1934, he returned to the plaintiff and asked that the plaintiff give him a home, that he could not get along with his own family. Plaintiff granted his request; thereafter, no wages were paid him, and he was treated exactly as the plaintiff's other children. This is what is meant by in loco parentis. 32 Words and Phrases, Perm.Ed., page 415. In this case the insured came to live with the plaintiff when he was approximately eighteen years, three months old, and the evidence shows that the plaintiff intended that the relationship of in loco parentis exist, and that the plaintiff actually assumed the obligation of foster parent. The insured lived continuously with the plaintiff until he began his short enlistment in the army in September, 1936. He returned to plaintiff's home after service of approximately three months, and it is undisputed that he lived continuously with the plaintiff until he was drafted in 1942. Certainly, expressions used by Lewis Brown in his letters indi-

cated not only his affection for plaintiff's family, but also that he considered himself a member of plaintiff's family.

There is no evidence of coercion on the part of the plaintiff when the insurance was taken. The insured was in the service when he designated plaintiff as his beneficiary. The preponderance of the testimony shows that it was the intention and desire of the insured that the plaintiff should receive the benefits of this insurance. It is the policy of the courts if possible to effectuate the express wishes of a deceased soldier. This should be done unless it appears that the plaintiff does not come within the permissible class of beneficiaries. Meisner v. United States, D.C., 295 F. 866, 868; Horsman v. United States, D.C., 68 F.Supp. 522.

The plaintiff Leonard Roy Wood stood in loco parentis to the veteran Lewis Brown from February, 1934, until his death on April 1, 1945, that is, from the time that he was eighteen years and three months old until the time of his death. Plaintiff is, therefore, within the permitted class of beneficiaries under the National Service Life Insurance Act of 1940, and amendatory acts thereto, and plaintiff is entitled to recover the proceeds of the policies and judgment should be rendered accordingly. Counsel for plaintiff will prepare a proper judgment entry wherein an allowance of ten per cent. of the recovery will be made for counsel fees.