**BEARHART v. UNITED STATES.**
Civil Action No. 882.

United States District Court
D. Minnesota. Fifth Division.
March 8, 1949.

Martin Friedman, of Duluth, Minn., for plaintiff.

John W. Graff, U. S. Atty., and James J. Giblin, Asst. U. S. Atty., both of St. Paul, Minn., for defendant United States.

Smythe & Lindquist, of Duluth, Minn., for defendant Della Costandine.

DONOVAN, District Judge.

Plaintiff by this action seeks to be declared the legal beneficiary of her deceased soldier son and to recover $5,000 life insurance issued to him under the National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. § 801 et seq., hereinafter referred to as the Act.

Defendant United States of America admitted all of the material allegations of the complaint, except the right of plaintiff

to recover as a qualified beneficiary, and asked that one Della Costandine be made a codefendant, she having filed a claim to insurance benefits under the policy as one who stood in loco parentis to the insured. By order of the court Della Costandine was made a party to the proceeding, and she will hereinafter be referred to as the codefendant.

The pleadings disclose that a disagreement existed between plaintiff and the Veterans Administration as to the payment of the insurance pursuant to contract, thus conferring jurisdiction herein. The matter came on for trial before the court without a jury.

The facts disclose plaintiff and codefendant to be sisters. The plaintiff gave birth to Ben J. Livingston, the insured, on February 26, 1917. The father of the insured died shortly thereafter. The codefendant was fourteen years older than the insured, and lived with her father. To their home the infant was taken, as the mother lacked means to care for and support him, until plaintiff married Jim Bearhart, her present husband, in 1919. From then on the insured would live with plaintiff for a time, and when the Bearharts moved to a distant lumber camp or other industrial site the insured would again be housed and fed in the home of the maternal grandfather until he was eight years of age, at which time he was placed in an Indian School at Odanah, Wisconsin. At another time he was sent to an Indian School at Pipestone, Minnesota. Having attained the age of fifteen, he commenced work. He then lived for a time with his aunt. From 1937 up to his induction into the Army in 1942, he made his home with the codefendant and her husband, Thomas Costandine, except during the month of July of that year, which he spent at the home of his mother. It is not entirely clear as to whether or not the deceased soldier paid for his board and room while residing with his aunt. Plaintiff's evidence indicated that he did, while the codefendant contends that she always treated the deceased as she did her own children. The ten letters she received from the insured after his induction contained the salutation of "Dear Dellie," and at no time did he salute her as "Aunt".

There is much in evidence on the part of the plaintiff supporting her contention that the parental relationship between her and her son was always recognized by him, and that he was always welcome in her home and to partake of what the plaintiff's family had to give him. The aunt consistently remained at one place contiguous to the work that the deceased might be employed in. It was perhaps natural for him to go to the aunt's home, and apparently he was welcome there. There is substantial evidence supporting the claim of the aunt that during the time here in question she stood in loco parentis to him for a considerable time prior to his entry into active service, and for a period of not less than one year.

When the insured was inducted, he designated the plaintiff as the person to be notified in case of emergency, giving her address as "Kingsdale, Minn." Following his death she was advised thereof by a proper officer of his regiment. The Comptroller General of the United States forwarded to her the arrears of pay due him at the time of his death on March 5, 1943.

A daughter of the plaintiff (half-sister of deceased) residing in Duluth was advised by telegram that the body of the deceased soldier would arrive at Kingsdale, Minnesota, but due to some confusion she was not there when the body arrived. The codefendant took active charge of the body, purchased a lot in the cemetery, arranged for funeral services and attended to the burial.

The question here for determination, in the absence of a designated and qualified beneficiary in the insurance policy, is whether the plaintiff, as mother, or the codefendant as one claiming to stand in loco parentis to the insured, is entitled to the benefits of the policy.

The instant case is controlled by the National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. § 801 et seq. Beneficiaries of the insurance are limited by section 802(g), which provides:

"The insurance shall be payable only to a widow, widower, child (including a stepchild or an illegitimate child if designated as beneficiary by the insured), parent (including person in loco parentis if desig-

nated as beneficiary by the insured), brother or sister of the insured. The insured shall have the right to designate the beneficiary or beneficiaries of the insurance but only within the classes herein provided, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided."

Section 802(j) precludes payment "to the heirs or legal representatives." Only survivors within the "permitted class" may be named as beneficiaries.

It is undisputed that the insured had never married; that he had attained the age of majority in 1938; that he was an adult during the last period of time he resided with his aunt; that in making application for insurance under the Act he designated his estate as beneficiary; that the policy of insurance named his estate as beneficiary; that on February 21, 1942, the insured wrote a letter to the codefendant advising her, "I got my insurances paper here I got them made out to you for $5000.00"; and that the policy of insurance was forwarded to his said aunt.

■ Obviously, the application for insurance was prepared by someone other than the insured, because it was neatly typewritten, and was accurately worded in every respect except for the insertion of a beneficiary who could not qualify as such under said Act. The correspondence between the insured and the codefendant following induction makes manifest that Ben J. Livingston had a very limited education and probably would not know what was meant by the term, "to my estate." If it were permissible under the Act to name the estate as beneficiary, disposition of this case would be a very simple matter. This court takes judicial notice of State law. The mother in that event would inherit. But the Act does not permit the court to consider the rights of heirs and legal representatives.

■ The all-important question here is whether the natural mother, in the capacity of "parent," or the aunt, who describes herself as a "person in loco parentis," should prevail. There can be no doubt of the parental relationship between plaintiff and the insured, and parental relationship when once established is presumed to continue until overcome by satisfactory proof to the contrary. The codefendant has the burden of proving that she stood in loco parentis to the insured. Leyerly v. United States, 10 Cir., 162 F.2d 79, 86. Although at the time of his death the insured was about twenty-six years of age and capable of supporting himself, the fact that a parent is not legally obligated to support her adult child "does not necessarily negate the existence of the parental relationship." Strauss v. United States, 2 Cir., 160 F.2d 1017, 1019. As indicated, supra, the insured did not evidence a purpose, or even an intention, to sever the natural maternal relationship with his mother. She received a postal card from him following his induction into the Army and he designated her as the person to be informed in case of an emergency, and apparently he made arrangements to have any arrears of pay due him forwarded to her.

Under the evidence of the instant case, does Della Costandine qualify as a "person in loco parentis"? Did the suggestion of the deceased in his letter to her, advising that he had left her his insurance, constitute and make her a beneficiary under the Act?

■ Section 802(g) permits the codefendant to recover as a "person in loco parentis" if designated as beneficiary of the insurance. The controlling Act should be liberally construed to give full effect, insofar as possible, to the expressed intention of the insured. McClure v. United States, 9 Cir., 95 F.2d 744; Zazove v. United States, 7 Cir., 156 F.2d 24; Meisner v. United States, D.C., 295 F. 866, 868; Horsman et al. v. United States et al., D.C., 68 F.Supp. 522; Baldwin v. United States et al., D.C., 68 F.Supp. 657.

In Niewiadomski v. United States, 6 Cir., 159 F.2d 683, at page 686, the court, discussing the term "in loco parentis," said:

"The term 'in loco parentis,' according to its generally accepted common law

meaning, refers to a person who has put himself in the situation of a lawful parent by assuming the obligations incident to the parental relation without going through the formalities necessary to legal adoption. It embodies the two ideas of assuming the parental status and discharging the parental duties. * * * One may be willing to furnish needed assistance to such a relative, even over an indefinite period of time, without being willing at the same time to assume the legal obligation of a parent. Due to the obligations and rights that arise out of such a relationship, the assumption of the relationship does not arise by chance, but is the result of intention."

There is a good deal of evidence in the present case tending to show that the aunt, the codefendant herein, showed affection and generosity to the insured and treated him as she did her own sons. He wrote to her for money. She sent money to him. He sent her his savings, requesting that she keep the money for his use when he next returned home on furlough. Her sons treated him as a brother, and under all the circumstances herein, the court would have no difficulty in holding that she was entitled to the insurance if she qualified as a "designated * * * beneficiary." This she cannot do, simply because he did not name her. He named his estate.

Recourse to Congressional explanatory reports suggests that the person who last bore and exercised the parental relationship would be recognized as beneficiary of the insurance. See Senate Report No. 1430, House Report No. 2312, 77th Congress, 2d Session. See Leyerly v. United States, supra.

No case in point by the United States Supreme Court or Court of Appeals for the Eighth Circuit has been cited by counsel, and I have been unable to find such authority. Cases have been called to my attention which were decided by appellate courts of other circuits, but the facts of such cases distinguish them from the facts of the instant case.

■ The court is here confronted with the claim of a natural mother as plaintiff, contending as such that she is entitled to the proceeds of the insurance policy. In this she is supported by the presumption that the natural mother last bore parental relationship. Opposing plaintiff is the codefendant, claiming she stood in loco parentis to the insured for over a year prior to the induction of the insured. But the application for insurance made by the insured and the policy issued pursuant thereto are barren of anything suggesting that the defendant was "designated as beneficiary by the insured." It appears that the all-important condition precedent to codefendant's right to payment of the insurance is the necessity of competent evidence proving, first, that the insured designated her as beneficiary of the insurance, and second, that she was a person in loco parentis. Such designation should be limited to an expression to that effect in the application signed by the insured, or in the policy that followed. Any substitute therefor would lead to chaos and confusion and needless expensive litigation, as evidenced in the case at bar, in which the application for, and the contract of, insurance names a beneficiary not permitted by the Act.

■ In my opinion, the claim of the codefendant must fail because she has not carried her burden of proof. Further, as between a natural mother and one claiming to have stood in loco parentis, it will be presumed that the natural mother last bore the relationship of parent. Weighing the facts in this bitterly-contested case, the exclusion of the codefendant from designation as a beneficiary by the insured tips the scales in favor of plaintiff.

Plaintiff may submit findings of fact, conclusions of law and order for judgment consistent with the foregoing, upon appropriate and timely notice to opposing parties.

Exceptions are accorded defendants.