### LORDEN v. UNITED STATES et al.
### Civ. No. 7686.

United States District Court
D. Massachusetts.
April 22, 1949.

John F. Drum, of Boston, Mass., for plaintiff.

George F. Garrity, U. S. Atty. and William J. Koen, Asst. U. S. Atty., both of Boston, Mass., for defendant United States.

William A. McGivney, of North Attleboro, Mass., for Mrs. Anges McGettrick.

SWEENEY, Chief Judge.

This action concerns the distribution of the proceeds of a policy of National Service Life Insurance issued to Francis P. Lorden, a deceased veteran. The mother has filed a claim with the Veterans Administration which has been denied. The insured designated the impleaded defendant, Agnes McGettrick, as the beneficiary of his insurance policy, and stated that she stood in loco parentis to him. The Board of Veterans Appeal of the Veterans Administration reached the conclusion that Mrs. McGettrick stood in the relationship claimed by the insured. The action in this Court was instituted by Mrs. Lorden bringing suit against the Veterans Administration on the policy. The Government answered and impleaded Mrs. McGettrick as another defendant so that upon the Court's determination there could be one final settlement.

### Findings of Fact.

Francis P. Lorden and his brother lived with their mother until he was fourteen years of age. Some trouble developed among them and the two boys then went to live with Mrs. McGettrick. Mrs. McGettrick had a boy of approximately the same age, and she took the Lorden boys into her home and continuously up to the time they went into the service accorded them the same treatment that she gave her own children. The boys responded to this treatment and became attached to Mrs. McGettrick and her husband. Later they gave her many gifts, including a diamond ring and various electrical household appliances. The deceased exhibited no affection towards his mother and deeply resented the episode which had caused the boys to leave home. The evidence is overwhelming, and I find as a fact, that at all times, from his fourteenth birthday on to the day of his death, the defendant, Mrs. McGettrick, stood in loco parentis to the insured and is thus entitled to the benefits of his insurance policy.

This case is clearly distinguishable on the facts from Strauss v. United States, 2 Cir., 160 F.2d 1017. In that case the minor had been placed with the defendant, Sadie Goldbaum, by a Jewish Welfare Society under an arrangement whereby the Society paid Mrs. Goldbaum $6 per week. Later, on her demand, this

amount was increased, and at the time of the increase she stated that unless it was granted she could keep the boy no longer. Clearly this is just a question of boarding out and there never was any assumption by Mrs. Goldbaum of parental responsibilities, and the Court found that she never intended to assume such obligations. In the case before us there has been some assistance received from the Welfare Board of the Town of North Attleboro, Massachusetts. The plaintiff argues that the Strauss case establishes a doctrine that in loco parentis cannot be established where the adult is receiving aid from another source and, in short, indicates that the receipt of any aid bars the establishment of the relationship. I do not agree with this. In the Strauss case, nothing was furnished to the young boy but board; in the present case, the boy was educated, housed, given parental guidance, and treated exactly as Mrs. McGettrick's own son was treated.

### Conclusions of Law.

From the foregoing I conclude and rule that judgment must be entered against the plaintiff, Ella Lorden, and judgment against the defendant, the United States of America, in favor of the impleaded defendant, Agnes McGettrick.