**CAMPBELL v. UNITED STATES et al.**

No. 12612.

United States Court of Appeals Fifth Circuit.

May 13, 1949.

Murray L. Williams, John Horan, Water Valley, Miss., for appellant.

Chester L. Sumners, U. S. Atty., Oxford, Miss., Wade H. Creekmore, Jackson, Miss. and Kermit R. Cofer, Water Valley, Miss., for appellees.

Before HUTCHESON, SIBLEY, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

Suing as designated beneficiary in a National Service Life Insurance Policy issued on the life of James Steen, deceased, appellant, alleging that her claim as "foster parent" had been presented and rejected on the ground that she was not a qualified beneficiary, brought this suit to recover the death benefits provided for in the policy.

The United States, admitting that it had rejected plaintiff's claim, interpleaded Ben Campbell, as plaintiff's husband, Lizzie Long, as claiming as natural mother of, and Sylvester Steen, as claiming in loco parentis to, insured.

Admitting liability under the contract of insurance but alleging that it could not, without the aid of the court, safely pay any of the claimants, the United States prayed: (1) that the court determine which among the claimants is entitled to recover the benefits and direct the payment to that one; and (2) that defendant be discharged from all liability under the contract except to the one adjudged entitled to receive its proceeds. Whereupon those named in the interpleader were, by order of the court, directed to appear and file their claims, if any, and they did appear.

Ben Campbell, making common cause with plaintiff, filed no claim, but Lizzie Long and Sylvester Steen, each on his own behalf, alleging that the designation of plaintiff was invalid under Sec. 801(f),[1]

---

[1] "The terms 'parent,' 'father,' and 'mother', include a father, mother, father through adoption, mother through adoption, *persons who have stood in loco parentis to a member of the military or naval forces at any time prior to*

filed a claim and counter-claim for the insurance benefits under subsections 802(g),[2] 802(i),[3] and 802(h) (3)[4] of Title 38 U.S. C.A.

After a long trial in which the respective claims of plaintiff and of the interpleaded defendants Steen and Long were fully heard, largely on oral testimony, the court wrote an opinion in which he made findings as to each of the claims.[5]

Upon these findings the court entered a judgment which, declaring Sylvester Steen to be an eligible beneficiary under the insurance certificate, sustained his counter claim and gave him judgment for all payments accrued and to accrue thereon. It also declared that plaintiff and Lizzie Long were ineligible to recover, and finally dismissed their claims.

From this judgment Della Campbell alone appeals. Here she vainly urges upon us, in the face of the great preponderance of the evidence fully sustaining the findings and judgment of the court, that the evidence supports her claim that she did stand in loco parentis for more than a year.

But this is not her major contention. That contention is that the time requirement of the statute for persons standing in loco parentis must be interpreted and applied not literally but liberally to effectuate the designation made by the soldier.

Pointing out that the evidence, taken at the worst against her, shows that she stood in loco parentis for nearly the year required, and that it further shows that after Missouri's death, she did, and Sylvester Steen did not, treat insured as a parent should, she insists that it would be a sticking in the bark to defeat the soldier's designation of her as beneficiary merely because she lacked one month of the full year required.

We cannot at all agree. The right claimed is the creature of statute. In order to obtain the statutory benefits, compliance with the statute must be shown. The district judge found, and the evidence fully supports his finding, that the loco parentis relation on which plaintiff must rely did not begin until about the middle of March, and by the middle of February

---

*entry into active service for a period of not less than one year*, and a step parent, if designated as beneficiary by the insured." (Emphasis supplied) Sec. 801 (f).

[2] "The insurance shall be payable only to a widow, widower, child * * *, parent * * *, brother, or sister of the insured. *The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided,* and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided." (Emphasis supplied) Sec. 802(g).

[3] "If no beneficiary is designated by the insured or if the designated beneficiary does not survive the insured, *the beneficiary shall be determined in accordance with the order specified in subsection (h) (3)* of this section and the insurance shall be payable in equal monthly installments in accordance with subsection (h) (1) or (2) of this section, as the case may be." (Emphasis supplied) Sec. 802(i).

[4] "Any installments certain of insurance * * * shall be paid * * * to the person or persons * * * within the classes hereinafter specified and in the order named, unless designated by the insured in a different order—(A) to the widow or widower of the insured, if living; (B) if no widow or widower, to the child or children of the insured, if living, in equal shares; (C) *if no widow, widower or child, to the parent or parents of the insured who last bore that relationship, if living,* in equal [parts]; (D) if no widow, widower, child, or parent to the brothers and sisters of the insured, if living, in equal [parts]." (Emphasis supplied) Sec. 802(h) (3).

[5] These findings were: that plaintiff's designation as beneficiary was invalid and she was not entitled to recover on the insurance, because she had not stood in loco parentis for the one year required by Sec. 801(f) (Note 1, supra); that Lizzie Long was not entitled to recover in default of a designated beneficiary because she had, while he was very young, abandoned insured to Missouri and Sylvester Steen who, standing in loco parentis to him, had raised him; and that Missouri Steen being now dead, Sylvester Steen, as survivor, was entitled under the statutes to recover.

following the soldier had entered the service, a period of eleven months, one month short of the year required by statute.

This finding is fatal to plaintiff's claim. Standing as a complete barrier in the way of the recovery she seeks, it requires not that the judgment against her in favor of Sylvester Steen be reversed, but that it be

Affirmed.[6]

---

[6] Cf. Strauss v. United States, 2 Cir., 160 F.2d 1017.