**BLAND et al. v. UNITED STATES et al.**

No. 13281.

United States Court of Appeals
Fifth Circuit.

Nov. 30, 1950.

C. C. McKinney, Cooper, Tex., M. M. Wade, Dallas, Tex., for appellants.

Warren G. Moore, U. S. Atty., Royce Whitten, Asst. U. S. Atty., Tyler, Tex., Joe A. Keith, Sherman, Tex., for appellees.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

PER CURIAM.

Conflicting claims to the benefits arising under a contract of National Service Life Insurance issued upon the life of Harvey L. Smith in the sum of $10,000.00, being policy No. N-1,136,357, were resolved by findings that, beginning when the veteran was eleven years old and continuing until his death, the claimant Minnie Alverson, the aunt of deceased, had stood in *loco parentis* to him, and that she was entitled to the proceeds of the policy.

One of the claimants, the natural mother of deceased, appealing from the judgment based on these findings, is here insisting that the judgment is not supported by the findings and must be reversed.

Her grounds for reversal are two. One is that it appears from the findings that appellee was not, as required by the statute when the policy was issued, designated as beneficiary. The other is that it appears therefrom that the deceased was an adult person at the time he entered the armed services, and she could not, therefore, have stood in the relation of *loco parentis* to him. We cannot agree.

█ The first ground, the failure to designate appellee as beneficiary, is without merit. Section 802(g) was amended in 1942, 38 U.S.C.A. § 802(g), before the insured's death, to eliminate entirely the restriction that a person in *loco parentis* would be considered a parent only if designated as beneficiary by the insured. Leyerly v. U. S., 10 Cir., 162 F.2d 79.

██ The second ground is no better taken. It is true that there is a conflict of

authority as to whether the in *loco parentis* relation can arise with regard to one who is at the time of its claimed inception an adult, and this Circuit stands with those courts holding that it cannot. U. S. v. McMaster, 5 Cir., 174 F.2d 257. There is no real conflict of opinion though, indeed there could not in reason be any, upon whether the relation having arisen during minority may continue after majority. Leyerly v. U. S., and U. S. v. McMaster, supra.

The judgment was right. It is Affirmed.