## POWLEDGE v. UNITED STATES et al.
### No. 13395.

United States Court of Appeals,
Fifth Circuit.

Dec. 28, 1951.

---

John K. Calhoun, Atlanta, Ga., for appellant.

Sidney Haskins, Harvey H. Tisinger, Asst. U. S. Atty., Atlanta, Ga., Thomas E. Walsh, Atty., U. S. Dept. of Justice, Washington, D. C., J. Ellis Mundy, U. S. Atty., Herbert A. Ringel, Asst. U. S. Atty., Atlanta, Ga., and D. Vance Swann, Atty. U.S. Dept. of Justice, Washington, D. C., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Brought under the authority of the National Service Act of 1940, as amended,[1] the suit was to recover, as beneficiary, to the extent of $2000.00, on a National Service Life Insurance Policy, issued to Henry Golden Beasley, a service man now deceased.

The claim was, that though plaintiff was entitled, as the mother "in loco parentis", and the designated beneficiary of the veteran, to receive said sum, plaintiff's claim was erroneously disallowed by the Veterans Administration for the stated reason that "the evidence of record fails to establish that you stood in the relationship of foster mother to the serviceman during his minority."

The defendant, the United States of America, for answer, specifically denied the existence of the claimed in loco parentis relationship. By third party complaint, it brought in, as a party in interest adverse to plaintiff, one Lila Juanita Beasley, the wife of the deceased veteran. She, making common cause with the United States, denied that plaintiff in fact stood, and alleged that in law she could not stand, in loco parentis to the deceased so as to entitle her to collect the insurance she sues for.

Thereafter she moved, under Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for judgment on the pleadings, because they show that the insured was an adult when the claimed relationship between him and plaintiff commenced, and,

1. 38 U.S.C.A. § 817.

therefore, the plaintiff could not have stood in loco parentis to him.

 The district judge, upon the undisputed facts, as they appeared upon a pretrial hearing, from allegations of plaintiff's petition, as amended and statements of counsel, delivered and filed a thorough and thoughtful opinion.[2] In it, after carefully examining the state of the law and canvassing the applicable authorities, he correctly concluded: that the opinion of this court, in United States v. McMaster,[3] one of its land mark decisions, holding that the words, "In loco parentis", as used in the Act,[4] had and have a settled legal meaning; and carefully setting out that meaning as the one which Congress intended should be ascribed to them) was controlling upon him in the construction of the Act, and in the determination of the question for decision by him. He, therefore, correctly rejected, as unsound, the extreme position taken by the United States and the third party defendant, that the fact alone, that the claimed relationship had its inception after the attainment of adulthood, presented an insuperable legal bar to its establishment. As correctly, he rejected the equally unsound position, taken by the plaintiff and supported by some of the cases she relies on, notably Zazove v. U. S., 7 Cir., 156 F.2d 24, and the later case of Thomas v. United States, 6 Cir., 189 F.2d 494. This is that the words "in loco parentis", as used in the Act, have no settled legal meaning and, therefore, in any given case, the court can, and should, give them such liberality of construction, such latitude of meaning, as it finds will give effect in the particular case, not, as might be supposed, to the intention of Congress in enacting the legislation, but to the wishes of the deceased veteran. Compare what is said in Thomas v. United States, supra, 189 F.2d at page 494, regarding a liberal construction in favor of the insured, with what is said in United States v. Zazove, 334 U.S. 602, at page 611, 68 S. Ct. 1284, 1288, 92 L.Ed. 1601: " * * * But the statute is an expression of legislative intent rather than the embodiment of an agreement between Congress and the insured person. Only the intent of Congress, which in this case is the insurer, need be ascertained to fix the meaning of the statutory terms; the layman understanding of the policy holder does not have the relevance here that it has in the construction of a commercial contract."

Finally, applying to the facts of the case the guiding and controlling principles gathered from the teachings of McMaster's case, he found and adjudged that plaintiff was not, and the third party defendant was, entitled to recover.

Appealing from the judgment entered thereon, plaintiff is here seeking its reversal.

2. 88 Fed.Supp. 561.

3. 5 Cir., 174 F.2d 257, 259. We there said:

"The fact that Congress selected to express its intention a Latin phrase which has a definite meaning in law strongly suggests that it was used in a technical legal sense. That sense is defined in Black's Law Dictionary: 'In the place of a parent; charged factitiously with a parent's rights, duties, and responsibilities.' 42 C.J.S., In, page 489 adds: 'more specifically, the relationship which a person assumes toward a child not his own, holding the child out to the world as a member of his family toward whom he owes the discharge of parental duties;' with other similar definitions. * * * This Latin phrase was used in the War Risk Insurance Statutes, and the Bureau then, as the Veterans Administration now, construed it as referring to minors." Then going on to say that there was a difference of opinion on the question in the inferior courts then as now, and referring to Zazove's case as holding one way and stating that the court in Niewiadomski v. U. S., 6 Cir., 159 F.2d 683, "with less sentiment but perhaps with better reason, thought otherwise", and that Leyerly v. U. S. [10 Cir., 162 F.2d 79] supported that view, the court continued: "We do not find it necessary to say that one can never stand in loco parentis to an adult in cases of mental or physical disability, or perhaps in extreme poverty, but we find nothing exceptional in young Putman's condition * * *". In Bland v. U. S., 5 Cir., 185 F.2d 395, decided shortly afterward, we cited the McMaster case, giving it our full approval.

4. 38 U.S.C.A. § 801.

Our labors greatly aided by the workmanlike briefs of the parties and the thoroughgoing and understanding consideration given to the question by the district judge, as evidenced in his opinion, we find ourselves in agreement with his conclusion that plaintiff was not entitled to judgment.

The district judge has correctly apprehended, clearly and forcefully set out, and, with equal correctness, has applied, the *ratio decidendi* of the decision, the considered and authoritative teachings, in the McMaster case. Because he has, and because we fully approve and adhere to those teachings, we shall not further extend this opinion to set them out or discuss them. Contenting ourselves with approving and adopting as our own the excellent opinion of the district judge, and, citing in a note[5] additional authorities in support, we bring our opinion to a close with the declaration that, for the reasons stated in the opinion of the district judge, his judgment was right, and it is affirmed.

---

5. Annotation to Carpenter v. U. S., 168 F. 2d 369, 3 A.L.R.2d, Sec. 7, p. 856; Sec. 8, pp. 857 to 862, where, under the heading, "Support", it is said:

"Responsibility for the support of the foster child is essential for the establishment of the relationship."

Cf. Sec. 9, p. 863, where it is said:

"The more liberal rule which so far has not met with particular favor from the courts is more concerned with giving effect to the wishes of a deceased soldier, than it is in following the interpretation which the common law gives to the phrase, 'In loco parentis'. It does not consider the giving of material aid an essential condition for the establishment of the relation."

Other authorities which may be cited are Leyerly v. U. S., 10 Cir., 162 F.2d 79; 39 Am.Jur., "Parent and Child", Sec. 69; 42 C.J.S., In, p. 489; 67 C.J.S., Parent and Child, §§ 71 to 74, pp. 803 to 806, where it is stated:

"One in loco parentis to a child is under a duty to guide, educate, and support it. As in the case of natural parents, a person standing in loco parentis is bound

for the maintenance, care, and education of the child", citing Waldrup v. Crane, 203 Ga. 388, 46 S.E.2d 919; Straus v. U. S., 2 Cir., 160 F.2d 1017; Horsman v. U. S., D.C., 68 F.Supp. 522; Bourbeau v. U. S., D.C., 76 F.Supp. 778; Baumet v. U. S., 2 Cir., 191 F.2d 194.